HEYMAN ENERIO
GATTUSO & HIRZEL LLP
PRACTICING THE ART OF LAW

300 Delaware Avenue • Suite 200 • Wilmington, Delaware 19801
Tel: (302) 472.7300 • Fax: (302) 472.7320 • WWW.HEGH.LAW

Direct Dial: 302-472-7311
dgattuso@hegh.law

June 12, 2024

**VIA CM-ECF**

The Honorable Sherry R. Fallon
J. Caleb Boggs Federal Building
844 N. King Street,
Courtroom 6C
Wilmington, DE 19801-3555

Re:     ***Harmony Biosciences, LLC et al v. Lupin Limited et al.,***
        **C.A. No. 23-cv-01286-JLH-SRF**

Dear Magistrate Judge Fallon:

We write on behalf of Defendants[1] regarding the following disputes that arose during negotiation of the proposed Protective Order: (1) whether a party can continue to use another parties' Confidential Information after that party is dismissed or otherwise terminated from this litigation (Paragraph 43); and (2) whether a party is required to disclose the identity of non-testifying experts to all parties (Paragraph 17). Defendants respectfully request that the Court adopt their proposals for these disputed provisions for the following reasons.

I.      **Access to a Party's Confidential Information Should End When that Party Is No Longer In this Case**

Defendants seek a reasonable and common-sense provision that would prohibit parties to this litigation from continuing to use another parties' Confidential Information after that party is dismissed or otherwise terminated from this case. *See* Paragraph 43 of the proposed Protective Order. Defendants' proposal is consistent with how Protective Orders operate in a typical, two-party case—once a party is dismissed or terminated, the parties must return or destroy the opposing parties' Confidential Information. That there are multiple Defendants in this litigation should not change this normal practice. Indeed, Defendants' proposal will not pose any burden on the parties that remain in the case because it only relates to the ***continued*** use of a dismissed party's Confidential Information. It does not require the remaining parties to destroy or return any existing court filings, discovery responses, expert discovery, internal email, or other work product until after the termination of this litigation, including any appeals.

Plaintiffs have not articulated any basis for why they would need to continue to use a

---

[1] Defendants AET Pharma US, Inc., ("AET"); Annora Pharma Private Limited ("Annora"); Novitium Pharma LLC ("Novitium"); Zenara Pharma Private Limited, Biophore India Pharmaceuticals Private Limited (collectively "Zenara"); Lupin Limited, Lupin Pharmaceuticals, Inc. (collectively, "Lupin"); Novugen Pharma Sdn. Bhd., Novugen Pharma (USA) LLC (collectively, "Novugen"), and MSN Pharmaceuticals Inc. and MSN Laboratories Private Limited (collectively, "MSN"); (all collectively "Defendants").

H E
G & H

The Honorable Sherry R. Fallon
June 12, 2024
**2** | P a g e

dismissed parties' information after that party is no longer in the case. Nor can they. Another Defendants' Confidential Information about their respective ANDA products is not relevant to the validity of Plaintiffs' patents or the infringement of another Defendants' ANDA product. For example, courts have repeatedly found that the filing of an ANDA is not relevant to secondary considerations, including copying and commercial success. *See, e.g.*, *Purdue Pharma L.P. v. Accord Healthcare Inc*., 669 F. Supp. 3d 286, 305 (D. Del. 2023) ("I am also completely unpersuaded by the argument that Accord's choice to file an ANDA for OxyContin in particular could be evidence of OxyContin's commercial success or nonobviousness."); *Bayer Healthcare Pharms., Inc. v. Watson Pharms., Inc*., 713 F.3d 1369, 1377 (Fed. Cir. 2013) (finding evidence of copying "in the ANDA context is not probative of nonobviousness because a showing of bioequivalence is required for FDA approval."); *Janssen Prods., L.P. v. Lupin Ltd*., 109 F. Supp. 3d 650, 671–72 (D.N.J. 2014) (same).

Defendants' proposal is also necessary to protect a dismissed party's Confidential Information from inadvertent disclosure. Once dismissed, a party would have limited, if any, ability to police the continued disclosure of its Confidential Information in this case. For example, a dismissed party would not be able ensure that the remaining parties were redacting its Confidential Information before publicly filing documents with the Court or when circulating discovery responses or expert reports to their clients. This provision thus would prevent the inadvertent disclosure a dismissed party's Confidential Information to its competitors or the public and would pose no burden on the parties that remain in this litigation.

## II.     A Party Should Not Be Required to Identify Non-Testifying Experts to All Parties

At its core, the dispute over paragraph 17 is whether a party must be required to disclose the identity of a non-testifying expert consultant to all parties. Plaintiffs' proposal would require Defendants seeking to provide confidential information to a non-testifying expert to disclose that expert's identity to **all parties.** For defendants, this creates issues because the disclosure of a particular non-testifying expert and their credentials provides insight into a particular defendant's potential infringement or invalidity defenses. Thus, Defendants simply ask that a party only be required to disclose the name of an expert to the designating party, *e.g.,* the Plaintiffs.

Importantly, the Federal Rules of Civil Procedure draws a distinction between the discoverability of testifying and non-testifying experts. Rule 26(b)(4)(D) states, in relevant part:

Ordinarily, a party may not, by interrogatories or deposition, discover facts known or opinions held by an expert who has been retained or specially employed by another party in anticipation of litigation or to prepare for trial and who is *not* expected to be called as a witness at trial [unless as provided under Rule 35(b) or the party shows "exceptional circumstances."] (emphasis added).

As a result, "some courts, though not all, have read this discovery limitation as applying

HE
G&H

The Honorable Sherry R. Fallon
June 12, 2024
**3** | P a g e

not only to facts and opinions, but also to the identity of non-testifying experts." *LivePerson, Inc. v. 24/7 Customer, Inc.*, 2015 U.S. Dist. LEXIS 99782, at *4 (S.D.N.Y. July 29, 2015). Such findings highlight other courts' recognition of the confidential nature of a non-testifying expert. That being said, Defendants do not seek such harsh restrictions on disclosure. Instead, Defendants' proposal provides a balance between the designating party's attempts to protect its Confidential Information and the receiving party's attempts to provide materials to a non-testifying expert without disclosing Confidential Information to other parties by limiting the disclosure of the non-testifying expert's name. By limiting the disclosure of the expert to the designating party, this allows the designating party to adequately evaluate a potential expert's conflicts while also protecting the receiving parties' right to maintain the confidential identity of non-testifying expert consultants.

\*       \*       \*

For these reasons, Defendants respectfully request that the Court adopt Defendants' proposals for Paragraphs 43 and 17 of the Protective Order.

Respectfully submitted,

*/s/ Dominick T. Gattuso*

Dominick T. Gattuso (#3630)

DTG/ram
cc:     All counsel of record (via CM-ECF)