IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| HARMONY BIOSCIENCES, LLC, BIOPROJET SOCIÉTÉ CIVILE DE RECHERCHE and BIOPROJET PHARMA SAS,<br><br>        Plaintiffs,<br><br>   v.<br><br>LUPIN LIMITED, LUPIN PHARMACEUTICALS, INC., NOVUGEN PHARMA SDN. BHD. and NOVUGEN PHARMA (USA) LLC, et al.<br><br>        Defendants. | C.A. No. 23-1286 JLH-SRF<br>**CONSOLIDATED** |

**LETTER TO THE HONORABLE SHERRY R. FALLON FROM DOMINICK T. GATTUSO REGARDING PROTECTIVE ORDER DISPUTE**

Dear Magistrate Judge Fallon:

Defendants[1] submit this letter in response to Plaintiffs' June 12, 2024 Letter ("Plaintiffs' Letter"), pursuant to the schedule set forth in the Court's Oral Order dated June 7, 2024 (D.I. 66).

## I. The Protective Order Should Not Allow Plaintiffs to Share Defendants' Confidential Information with all Defendants' Outside Counsel and Experts Without Restriction

The Paragraph 9 dispute centers on Plaintiffs' request for an unfettered right to disclose *all* information designated "Confidential" by one Defendant to every other Defendant *without restriction*. Plaintiffs' Letter fails to articulate any need for such a broad, unrestricted right, and therefore should be rejected. Defendants' proposal, on the other hand, recognizes that in certain, limited instances, Plaintiffs may seek to disclose selected items of a Defendant's Confidential Information to one or more other Defendants, and allows the parties to explore cross disclosure at an appropriate time in the case. D.I. 67, Ex. A, at ¶9. Thus, Defendants' proposed Paragraph 9, which is commonly adopted by courts in multi-Defendant ANDA cases in this District[2], is narrowly tailored and should be adopted.

Indeed, Plaintiffs' Letter highlights the prejudicial nature of their, broad, unrestricted proposal. Plaintiffs argue their proposal should be permitted due to "common issues of validity and infringement."[3] D.I. 67 at 1. By Plaintiffs' proposal, they could disclose a Defendant's most sensitive Confidential Information, such as all information in its ANDA, to all other Defendants in support of such "common issues," without even obtaining consent from the Defendant. The ANDAs are some of Defendants' most sensitive confidential information, the disclosure of which would cause serious commercial harm.[4] This concern is especially acute here, where the Defendants are all competitors and the details of each Defendant's ANDA could impact commercial strategies, settlement strategies, as well as other litigation issues. Plaintiffs' characterization of Defendants' proposal as an attempt to place "improper restrictions" on evidence is without merit. D.I. 67 at 3. The purpose of Defendants' proposed Paragraph 9 is clear—it precludes Plaintiffs from disclosing a Defendant's Confidential Information to all other Defendants, unless Plaintiffs are authorized to do so. Simply put, Defendants would be severely prejudiced if Plaintiffs' broad, unrestricted proposed Paragraph 9 is adopted.

---

[1] Defendants are identified in D.I. 67, n. 1.
[2] *See, e.g.*, *Astellas Pharma Inc. v. Actavis Elizabeth LLC*, No. 16-905-SLR-CJB, D.I. 65 at 2-3 (consolidated) (D. Del. July 20, 2017) (adopting Defendants' proposed language, which precluded Plaintiffs from disclosing defendants' confidential information to other defendants without consent and noting "that Defendants' proposed language is consistent with other Protective Orders in ANDA cases within this District") (Ex. 1) (citing *AstraZeneca LP v. Sigmapharm Labs., LLC*, No. 15-cv-01000-RGA, D.I. 71 at ¶16 (D. Del. Apr. 26, 2016) (adopting the defendants' proposed language, "absent written consent from the producing party, Plaintiffs may not produce or otherwise make available Defendant's Protected Information to any other Defendant")) (Ex. 2).
[3] It is inconceivable how one Defendant's Confidential Information is relevant to Plaintiffs' infringement allegations with respect to any other Defendant.
[4] Plaintiffs claim that they also compete with Defendants. Plaintiffs are not in the same position as, nor do they compete in the same way as the Defendants compete with each other.

Other than "administrative burden," Plaintiffs do not identify any prejudice that Defendants' cross-disclosure provision has on Plaintiffs.[5] Each Defendant—not Plaintiffs—is best positioned to gauge what, if any, of their Confidential Information can safely be disclosed to others, even on an outside counsels' eyes-only basis. Although outside counsel is bound by ethical duties to not improperly use such information, once that information is disclosed, it is within the receiving parties' knowledge, creating a risk of inadvertent disclosure. Here, the risk of inadvertent disclosure is high because the Protective Order allows Defendants' Outside Counsel to advise their clients on ANDA filing strategy. *See* D.I. 67, Ex. A at ¶¶18, 38. Defendants should not have to assume that risk when Defendants' proposed Paragraph 9 provides adequate protection and poses little, if any, burden on Plaintiffs. Defendants' proposal further alleviates any alleged inconvenience to Plaintiffs by allowing the parties to revisit this provision after expert discovery to discuss the procedure for handling trial and pretrial documents containing Confidential Information of multiple Defendants. Regardless, the burden on Plaintiffs to serve redacted versions of documents containing multiple Defendants' Confidential Information is low and non-comparable to the potential harm that Plaintiffs' broad, unrestricted disclosure would impose on Defendants. *See Astellas Pharma*, No. 16-905-SLR-CJB, D.I. 65 at 2-3 ("In balancing here between the competing interests of (1) litigation-related efficiency and (2) protecting the parties' confidential information, the Court errs on the side of the latter."); *see also Supernus Pharms., Inc. v. Actavis, Inc.*, No. 14-06102, D.I. 77 at ¶ 2 (D.N.J. Sept. 23, 2015) (recognizing "efficiency in permitting each Defendant control over the disclosure of its confidential information to its direct competitors without unduly interfering with Plaintiffs ability to prosecute its case.") (Ex. 3).

Thus, the Court should adopt Defendants' proposed Paragraph 9.

## II. Defendants' In-House Legal Personnel Responsible for Managing This Litigation Should Have Access to Confidential Information Under the Protective Order

Plaintiffs seek to impose unnecessary restrictions on Defendants' ability to designate non-attorney in-house personnel responsible for managing this litigation. Such restrictions would prohibit Defendants from effectively defending themselves in this litigation. Plaintiffs cannot establish good cause for these unnecessary restrictions. While **Plaintiffs demand access for three** of their employees responsible for managing their litigation, Plaintiffs argue that "Defendants with In-House Attorneys (Annora, Lupin, MSN, and Novitium) have no need for non-attorney employee access—let alone access for *three* non-attorney employees." D.I. 67 at 3. This is not accurate. As explained during the parties' meet and confers, Lupin, MSN and Novitium are foreign entities whose legal departments are mainly made up of non-attorney legal personnel. Those non-attorney legal personnel are essential to the day-to-day management of this litigation. Although these defendants do employ U.S. attorneys, those attorneys have other responsibilities and do not and cannot personally manage every aspect of every litigation. Moreover, even if a single in-house attorney is involved in management of this litigation and designated under the Protective Order, Defendants should not be prevented from designating their other legal personnel who may be more

---

[5] Defendants asked Plaintiffs to articulate the limited instances that they may need to use one Defendant's Confidential Information with the other Defendants, but Plaintiffs have failed to do so. If such an instance arises, Plaintiffs can request consent.

familiar and more involved with this litigation. Plaintiffs have already agreed to allow three in-house individuals access to Confidential Information, but only if they are attorneys. *See* D.I. 67, Ex. A at ¶6.d. Defendants should not be limited to a single designee simply because they have only one in-house attorney or none at all. Rather, Defendants' in-house legal personnel should be allowed the same access to Confidential materials as Plaintiffs' in-house legal personnel who are performing the same role of managing the litigation.

As the party seeking to limit access, Plaintiffs have the burden to establish good cause to justify refusing to allow access to Defendants' in-house legal personnel responsible for managing this litigation. "Good cause" sufficient to support the entry of a protective order "is established on a showing that disclosure will work **a clearly defined and serious injury** to the party seeking closure." *Publicker Indus., Inc. v. Cohen*, 733 F.2d 1059, 1071 (3d Cir. 1984) (emphasis added). The movant must show the injury with specificity. *Id.* The Third Circuit has established that "[b]road allegations of harm, unsubstantiated by specific examples or articulated reasoning," are insufficient to show good cause. *Cipollone v. Liggett Group, Inc.*, 785 F.2d 1108, 1121 (3d Cir. 1986), cert. denied, 484 U.S. 976 (1987). Plaintiffs cannot show good cause to prevent Defendants from designating its non-attorney in-house legal personnel under the Protective Order.

Plaintiffs' primary reason for refusing to allow access to Defendants' in-house legal personnel is simply that they are not attorneys, and therefore their conduct may not be subject to personal sanctions nor can they be disbarred or disciplined by a bar association. Plaintiffs make broad allegations, without support, that Defendants' non-attorney in-house legal personnel are somehow more likely to violate the Protective Order than attorneys. But Plaintiffs have failed to provide specific examples in which a designated individual has violated a Protective Order simply because she was not an attorney. Moreover, if one of Defendants' in-house legal personnel, attorney or not, violated the Protective Order, that Party would be subject to sanctions in this litigation. Plaintiffs' "[b]road allegations of harm, unsubstantiated by specific examples or articulated reasoning," falls well short of the "good cause" standard. *See Cipollone*, 785 F.2d at 1121. Courts in this District and others within the Third Circuit have ruled for parties seeking to designate non-attorney in-house personnel and have rejected the type of broad, unsubstantiated allegations of harm Plaintiffs present here. *See, e.g., XPoint Techs., Inc. v. Intel Corp.*, No. 09-cv-00026-SLR, D.I. 208 (D. Del. Feb. 22, 2010) (Ex. 4) (holding that party could designate a non-attorney in-house representative for access to confidential material under protective order); *Janssen Prods., L.P. v. Evenus Pharms. Lab'ys Inc.*, No. 20-9369, D.I. 79 (D.N.J. Jan. 28, 2021) (Ex. 5) ("Without specific allegations of a clearly defined or serious injury that would result from disclosure to non-attorney in-house legal personnel, the Court finds that Plaintiffs have not met their burden of showing good cause exists to prevent Defendants from designating more than one non-attorney to have access to confidential information."); *Supernus Pharms., Inc.*, No. 14-6102-SDW-SCM, D.I. 77 (Ex. 3) (permitting designation of non-attorney in-house personnel).

In addressing the scope of protective orders for in-house personnel, courts have focused on whether the in-house personnel are engaged, or likely to be engaged, in competitive decision making, not whether the in-house personnel are attorneys. *See, e.g., U.S. Steel Corp. v. U.S.*, 730 F.2d 1465, 1468 (Fed. Cir. 1984); *Rheault v. Halma Holdings Inc.*, No. 23-700-WCB, 2023 WL 8878954, at *1 (D. Del. Dec. 22, 2023) (noting that whether to allow in-house employees access under a protective order "typically turns on whether the employees in question are involved in

3

competitive decision making on behalf of the party"). Indeed, in both the *Lundbeck* and *Cosmo Technologies* cases relied on by Plaintiffs, the court's decisions emphasized the likely involvement in competitive decision making by the non-attorney designees, not their status as non-attorneys. *See H. Lundbeck A/S v. Apotex, Inc.,* No. 18-88-LPS, D.I. 106 (D. Del. Sept. 13, 2018) (D.I. 67 Ex. G) (noting that the proposed non-attorney designee was involved in activities that "have been recognized by courts to at least relate to competitive decision making"); *Cosmo Technologies Ltd. v. Lupin Ltd. et al.*, No. 15-669-LPS, D.I. 56 (D. Del. July 28, 2016) (D.I. 67 Ex. H) (finding that the non-attorney staff "are more likely involved in competitive decision making"). Plaintiffs have not alleged, much less shown, that Defendants' in-house designees would be involved in competitive decision making, and Defendants' proposal for the Protective Order expressly prohibits any in-house designees from having "decision-making responsibility for research and development related to pitolisant." D.I. 67, Ex. A at ¶¶6.d.

Moreover, the Protective Order offers many additional safeguards under Defendants' proposal that are sufficient to address Plaintiffs' broad, unsubstantiated allegations of harm here. In addition to the prohibition regarding research and development decision-making noted above, designated in-house personnel, whether attorneys or not, must not engage in FDA proceedings as outlined in Paragraph 18 and must not "engage, formally or informally, in drafting or amending patent claims relating to pitolisant before the United States Patent and Trademark Office or any corresponding patent authority" pursuant to Paragraph 19. D.I. 67, Ex. A at ¶¶6.d., 18, 19. The proposed Protective Order also requires the Parties to specifically identify any designated in-house personnel 7 days before any disclosure. *Id.* at ¶6.d. In addition, Defendants are willing to agree that all designated in-house personnel, attorney or not, sign an acknowledgement form like that submitted as Exhibit A to the proposed Protective Order.

Thus, Plaintiffs cannot establish "good cause" to exclude Defendants' non-attorney in-house legal personnel, and the Court should adopt Defendants' proposal for Paragraph 6 of the Protective Order.

\*   \*   \*

For these reasons, Defendants respectfully request that the Court adopt Defendants' proposals for Paragraphs 6 and 9 of the Protective Order.

| | |
|---|---|
| DEVLIN LAW FIRM LLC | HEYMAN ENERIO GATTUSO & HIRZEL LLP |
| */s/ James M. Lennon*<br>Timothy Devlin (#4241)<br>James M. Lennon (#4570)<br>1526 Gilpin Avenue<br>Wilmington, DE 19806<br>(302) 449-9010<br>tdevlin@devlinlawfirm.com<br>jlennon@devlinlawfirm.com<br><br>*Attorneys for Defendants Novugen Pharma SDN. BHD. and Novugen Pharma (USA) LLC* | */s/ Dominick T. Gattuso*<br>Dominick T. Gattuso (#3630)<br>300 Delaware Avenue, Suite 200<br>Wilmington, DE 19801<br>(302) 472-7311<br>dgattuso@hegh.law<br><br>*Attorneys for Defendant AET Pharma US, Inc.* |
| RICHARDS, LAYTON & FINGER, P.A. | BENESCH FRIEDLANDER COPLAN & ARONOFF LLP |
| */s/ Alexandra M. Ewing*<br>Frederick L. Cottrell, III (#2555)<br>Alexandra M. Ewing (#6407)<br>920 North King Street<br>Wilmington, DE 19801<br>(302) 651-7700<br>cottrell@rlf.com<br>ewing@rlf.com<br><br>*Attorneys for Defendants Lupin Limited and Lupin Pharmaceuticals, Inc.* | */s/ Kristen Healey Cramer*<br>Kristen Healey Cramer (#4512)<br>Kevin M. Capuzzi (#5462)<br>Noelle B. Torrice (#5957)<br>1313 North Market Street, Suite 1201<br>Wilmington, DE 19801<br>(302) 442-7010<br>kcramer@beneschlaw.com<br>kcapuzzi@beneschlaw.com<br>ntorrice@beneschlaw.com<br><br>*Attorneys for Defendant Annora Pharma Private Limited* |
| STAMOULIS & WEINBLATT LLC | STAMOULIS & WEINBLATT LLC |
| */s/ Richard C. Weinblatt*<br>Stamatios Stamoulis (#4606)<br>Richard C. Weinblatt (#5080)<br>800 N. West Street, Third Floor<br>Wilmington, DE 19801<br>(302) 999-1540<br>stamoulis@swdelaw.com<br>weinblatt@swdelaw.com<br><br>*Attorneys for Defendants MSN Pharmaceuticals Inc. and MSN Laboratories Private Limited* | */s/ Richard C. Weinblatt*<br>Stamatios Stamoulis (#4606)<br>Richard C. Weinblatt (#5080)<br>800 N. West Street, Third Floor<br>Wilmington, DE 19801<br>(302) 999-1540<br>stamoulis@swdelaw.com<br><br>*Attorneys for Defendants Zenara Pharma Private Limited and Biophore India Pharmaceuticals Private Limited* |

YOUNG CONAWAY STARGATT & TAYLOR, LLP

/s/ *Alexis N. Stombaugh*
Anne Shea Gaza (#4093)
Alexis N. Stombaugh (#6702)
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6600
agaza@ycst.com

*Attorneys for Novitium Pharmaceuticals LLC*

Dated:  June 13, 2024

6