IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| HARMONY BIOSCIENCES, LLC, | ) | |
| BIOPROJET SOCIÉTÉ CIVILE DE | ) | |
| RECHERCHE and | ) | |
| BIOPROJET PHARMA SAS, | ) | |
| | ) | |
| Plaintiffs, | ) | C.A. No. 23-1286 (JLH) (SRF) |
| | ) | **CONSOLIDATED** |
| v. | ) | |
| | ) | **REDACTED - PUBLIC VERSION** |
| LUPIN LIMITED, et al. | ) | **Original Filing Date: June 12, 2024** |
| | ) | **Redacted Filing Date: June 20, 2024** |
| Defendants. | ) | |

**LETTER DATED JUNE 12, 2024
FROM JEREMY A. TIGAN, ESQ. TO THE HONORABLE SHERRY R. FALLON**

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Jack B. Blumenfeld (#1014)
Jeremy A. Tigan (#5239)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@morrisnichols.com
jtigan@morrisnichols.com

*Attorneys for Harmony Biosciences, LLC,
Bioprojet Société Civile de Recherche, and
Bioprojet Pharma SAS*

OF COUNSEL:

Christopher N. Sipes
Erica N. Andersen
Brianne Bharkhda
Sarahi Uribe
Pierre Anquetil
Elaine Nguyen
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street NW
Washington, DC 20001-4956
(202) 662-6000

June 12, 2024

Dear Judge Fallon,

Pursuant to this Court's June 7, 2024 Oral Order regarding the Joint Motion for Teleconference to Resolve Protective Order Disputes (D.I. 64), Plaintiffs respectfully request that the Court reject Defendants' proposals to (1) largely prevent disclosure of one Defendant's[1] Confidential Information to Outside Counsel for another Defendant and independent experts (Ex. A ¶ 9); and (2) permit non-attorney In-House Designees to access Plaintiffs' Confidential Information without sufficient safeguards, even where the Defendant has in-house attorneys. (Ex. A ¶ 6(d)-(e)).

## I.   Disclosure of Defendants' Confidential Information among Outside Counsel and independent experts cleared under the Protective Order should be permitted.

This is a Hatch-Waxman litigation arising from the efforts of seven companies to market generic versions of Wakix® (pitolisant hydrochloride) tablets. Because this action has been consolidated for all purposes, including discovery, *Markman*, and trial, D.I. 34 ¶ 1, and involves common issues of validity and infringement, Plaintiffs propose that the Protective Order allow for the limited disclosure of each Defendant's Confidential Information to other Defendants' Outside Counsel and independent experts. Ex. A ¶ 9. Defendants' proposal seeks not only to prohibit Plaintiffs from revealing one Defendant's Confidential Information to *any* representative of any other Defendant without express prior consent, but also to place restrictions on how Plaintiffs can *use* Defendant Confidential Information *from an evidentiary perspective*—a restriction that has no place in a Protective Order.

As the parties seeking the heightened level of protection, Defendants bear the burden to show good cause to prohibit the limited disclosure Plaintiffs propose. *See* Fed. R. Civ. P. 26(c)(1); *In re Deutsche Bank Trust Co.*, 605 F.3d 1373, 1378 (Fed. Cir. 2010). Defendants cannot make this showing. Plaintiffs' proposal should be adopted for several reasons.

*First,* as courts in this District have repeatedly recognized, permitting cross-disclosure of Defendants' information, as set forth in Plaintiffs' proposal, will promote the orderly administration of a consolidated case such as this. *See e.g.*, *Intercept Pharms, Inc. v. Apotex, Inc.*, C.A. No. 20-1105-MN (D. Del. Apr. 13, 2021) (Hearing Tr. at 25-30) (Ex. B) (adopting plaintiffs' proposed cross-use provision for outside counsel and finding that "defendants' proposal is going to add unnecessary logistical concerns"); *Pharmacyclics LLC v. Fresenius Kabi USA, LLC*, C.A. No. 18-192-CFC, Oral Order (D. Del. Oct. 18, 2018) (Ex. C) (adopting plaintiffs' proposed cross-use provision for the protective order because, among other reasons, defendants' contrary proposal "would lead to significant disruptions in discovery, depositions, and court proceedings and would impose an undue burden on the Court"); *see also Shire, LLC v. CorePharma LLC*, C.A. No. 14-5694-JS (Hearing Tr. at 28:24-29:2) (D.N.J. May 18, 2015) (Ex. D) ("If the Court adopts Par's

---

[1] "Defendant" refers to each Defendant Group. There are currently seven Defendant Groups: AET Pharma US, Inc., ("AET"); Annora Pharma Private Limited ("Annora"); Novitium Pharma LLC ("Novitium"); Zenara Pharma Private Limited, Biophore India Pharmaceuticals Private Limited (collectively "Zenara"); Lupin Limited, Lupin Pharmaceuticals, Inc. (collectively, "Lupin"); Novugen Pharma Sdn. Bhd., Novugen Pharma (USA) LLC (collectively, "Novugen"), and MSN Pharmaceuticals Inc. and MSN Laboratories Private Limited (collectively, "MSN").

The Honorable Sherry R. Fallon
June 12, 2024

suggestion, the Court believes that it would create intractable management problems dealing with depositions, expert reports, the Markman hearing, et cetera.").

In contrast, Defendants' proposal would needlessly complicate joint conferences and hearings, impede discovery, and hinder communication with the Court. For example, Defendants have taken the position that the specific patent claims asserted against each Defendant are Confidential Information. G. Scaccia Email to S. Uribe (May 29, 2024) (Ex. E). As a result, if Defendants' Paragraph 9 proposal is adopted, Plaintiffs could not even answer a question from the Court in a joint hearing regarding which claims are at issue for a given Defendant without first removing Outside Counsel for the remaining Defendants. Indeed, each time information Defendants might consider confidential comes up at a joint conference, the parties and this Court would have to engage in an onerous process to determine what can and cannot be said and which Outside Counsel can and cannot participate. This would waste time and negatively impact the Court's ability to understand all parties' positions.

Defendants' proposal is also prejudicial to Plaintiffs and imposes an unnecessary administrative burden on Plaintiffs and the Court. Although Defendants may refer to Defendants' and Plaintiffs' Confidential Information collectively in discovery or in court filings, Plaintiffs have no ability to do the same unless they first (reveal their work product impressions in order to) seek consent from Defendants—which can be withheld, including for strategic reasons—or create numerous redacted copies of joint papers. Defendants' proposal that Plaintiffs serve redacted copies of any "single Court filing, discovery response, expert report, or pretrial exchange," Ex. A ¶ 9, does not resolve the above complications or concerns. Rather, this is precisely the type of administrative burden Plaintiffs' proposal is meant to avoid. Defendants tacitly acknowledge the difficulties created by their approach but seek to delay dealing with the practical implications by proposing that "[i]f multiple Defendants remain in this case at the close of expert discovery, the parties agree to discuss the procedure for handling trial and pretrial documents containing Confidential Information of multiple Defendants and address it in an Interim Status Report … ." Ex. A ¶ 9. The result is that the parties may be back before the Court to deal with the inevitable disputes that arise. Plaintiffs' proposal would settle the issue now.

*Second,* Plaintiffs' proposal for cross-disclosure, which is limited to Outside Counsel and independent experts, will not lead to any concrete injury.[2] Plaintiffs' proposal ***does not*** allow any Defendant to share another's Confidential Information with any in-house attorneys or employees. Defendants' Outside Counsel and any experts who opine on the issues in this case will be cleared under the Protective Order and bound by its restrictions. *Pharmacyclics*, No. 18-192-CFC (Ex. C) (reasonable to permit cross-disclosure to outside counsel and experts because they are subject to protective order restrictions and expert objection procedure provides opportunity to seek Court intervention). Concerns premised on Defendants' status as potential competitors cannot fairly support Defendants' argument, as this is a risk borne by all parties in this litigation. Indeed, Defendants seek to compete directly with ***Plaintiffs*** in the market for Wakix®, and Defendants'

---

[2] Several Defendants (Annora, Lupin, MSN) have agreed to similar cross-disclosure provisions for outside counsel in another action in this district. *See UCB, Inc. v. Annora Pharma Private Limited*, C.A. No. 20-987-CFC, Proposed Stipulated Protective Order, D.I. 84 ¶ 7.7 (D. Del. March 29, 2021) (Ex. F).

The Honorable Sherry R. Fallon
June 12, 2024

Outside Counsel will all be entrusted with ***Plaintiffs' Confidential Information***. Moreover, the same attorneys at Stamoulis & Weinblatt LLC represent both MSN and Zenara in this litigation, even though these companies seek to compete against each other. Thus, purported concerns about the risks posed by Outside Counsel access ring hollow, and should not be applied asymmetrically to Plaintiffs' Confidential Information and Defendants' Confidential Information.

*Third*, Defendants attempt to use the Protective Order to place improper restrictions on merits evidence Plaintiffs may use to support their claims and defenses. Specifically, Defendants' proposal seeks an order that "Plaintiffs may not ***use*** any Defendant's Confidential Information against … any other Defendant." Ex. A ¶ 9 (emphasis added). This prohibition has nothing to do with disclosure of Confidential Information and has no place in a Protective Order. Whether a document is admissible or can be "used" for a given purpose is an evidentiary issue that should not be decided by a blanket rule in a protective order. No party has agreed that all of its documents will be admissible for all purposes simply by signing onto a protective order. Nor should a protective order place *ab initio* limitations on a party's merits arguments or evidence.

Defendants' proposed restrictions are also inappropriate because there are numerous common factual and legal issues in this case. As just one example, ██████████████████████████████████████████████████████████████████████████████████████████████. Yet, Defendants' position is that, despite the joint nature of this dispute, in order to disclose these basic facts to the Court Plaintiffs must prepare and serve redacted versions of this letter.

## II. Non-attorney In-House Designees should only be permitted where a party does not have In-House Attorneys, and Plaintiffs' disclosure procedures for non-attorney In-House Designees should be adopted.

Although Defendants have objected to the disclosure of their Confidential Information even to Outside Counsel for another Defendant, they simultaneously seek to disclose Plaintiffs' Confidential Information to non-attorney employees (including individuals outside the U.S.) without appropriate safeguards. Specifically, as reflected in Paragraph 6(d) of the Protective Order, Defendants propose that up to three In-House Designees, including non-attorney employees, may access Plaintiffs' Confidential Information, provided such employees are identified in writing to Plaintiffs' Counsel seven days in advance. Defendants' proposal requires no signed undertaking and affords Plaintiffs no opportunity to object. Good cause exists for rejecting Defendants' proposal and adopting Plaintiffs' proposal in paragraph 6(e), which permits one non-attorney In-House Designee for parties without In-House Attorneys[3] and includes appropriate disclosure and objection procedures. *See Intercept Pharms*, C.A. No. 20-1105-MN (Ex. B) (Hearing Tr. at 11-12) (adopting provision consistent with Plaintiffs' proposal here permitting one in-house designee for parties without in-house counsel).

---

[3] AET, Zenara, and Novugen represent that they do not have In-House Attorneys. All other Defendants have confirmed that they have In-House Attorneys.

The Honorable Sherry R. Fallon
June 12, 2024

*First*, allowing non-attorneys to access Plaintiffs' Confidential Information presents a significant risk of misuse. The potential for misuse—however unintentional—of Confidential Information is heightened by disclosure to non-attorney personnel, who often work in business, research, or IP planning capacities. This District has long recognized that limiting access to in-house counsel minimizes this risk because, "[l]ike outside counsel, in-house counsel is bound by professional and ethical responsibilities and their conduct is subject to sanctions." *Avery Dennison Corp. v. Minn. Mining & Mfg. Co.*, C.A. 01-125, 2001 WL 1339402, at *2 (D. Del. Oct. 26, 2001); *see also U.S. Steel Corp. v. United States*, 730 F.2d 1465, 1468 (Fed. Cir. 1984).

Under Defendants' proposal, Plaintiffs would be forced to share Confidential Information with employees of direct competitors who are not subject to the same obligations as attorneys. Notwithstanding any agreement to abide by the Protective Order, the "distinction matters" between attorneys and non-attorney personnel. *Allergan, Inc. v. Teva Pharms. USA*, 2017 WL 772486, *4 (E.D. Tex. Feb. 28, 2017). "[N]on-attorneys are not officers of the court, are not bound by the same Code of Professional Responsibility, . . . are not subject to the same sanctions," and "cannot be disbarred or disciplined in the same way." *Id.* Moreover, as courts have recognized, the risk of disclosure is heightened further where—as here—likely designees for several Defendants are located abroad. *Id.*

*Second*, Defendants cannot demonstrate that their purported need for the requested non-attorney access outweighs the risks to Plaintiffs. Defendants with In-House Attorneys (Annora, Lupin, MSN, and Novitium) have no need for non-attorney employee access—let alone access for **three** non-attorney employees. *See H. Lundbeck A/S v. Apotex, Inc*., C.A. No. 18-88-LPS, Oral Order (D. Del. Sept. 13, 2018) (Ex. G) ("Lupin has an in-house attorney, to whom Plaintiffs do not object, and Lupin's staffing preferences do not outweigh the concerns raised by Plaintiffs about the sharing of their CI"); *Cosmo Technologies Ltd. v. Lupin Ltd. et al.*, C.A. No. 15-669-LPS, Oral Order (D. Del. July 28, 2016) (Ex. H) ("Given that Lupin has already designated one in-house attorney working as litigation counsel to receive Plaintiffs' confidential information and to advise Lupin in this litigation, the Court is not persuaded that Lupin will be unfairly disadvantaged if non-attorney staff … are prohibited from accessing such information."). Plaintiffs' proposal provides sufficient in-house access to Plaintiffs' Confidential Information for case management and legal decision-making,[4] including for Defendants without In-House Attorneys. Plaintiffs' approach aims to mitigate the heightened risks associated with non-attorney employee access by imposing reasonable safeguards: access limited to one In-House Designee, disclosure of an undertaking signed by the In-House Designee, and an objection period. For these reasons, Plaintiffs respectfully request that the Court adopt Plaintiffs' provisions in Paragraphs 6(d)-(e).

---

[4] Any argument that Defendants' in-house personnel needs Plaintiffs' Confidential Information for effective case management is tenuous at best. Infringement will focus on Defendants' Confidential Information, not on Plaintiffs', and validity will largely focus on publicly available prior art.

The Honorable Sherry R. Fallon
June 12, 2024

Respectfully,

/s/ Jeremy A. Tigan

Jeremy A. Tigan (#5239)

JAT/rah
Enclosures
cc:      All Counsel of Record (via e-mail)

4