# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| HARMONY BIOSCIENCES, LLC,<br>BIOPROJET SOCIÉTÉ CIVILE DE RECHERCHE and<br>BIOPROJET PHARMA SAS,<br><br>Plaintiffs,<br><br>v.<br><br>AET PHARMA US, INC., ANNORA PHARMA PRIVATE LIMITED, NOVITIUM PHARMA LLC, ZENARA PHARMA PRIVATE LIMITED and BIOPHORE INDIA PHARMACEUTICALS PRIVATE LIMITED,<br>Defendants. | C.A. No. 23-1340-JLH |
| HARMONY BIOSCIENCES, LLC,<br>BIOPROJET SOCIÉTÉ CIVILE DE RECHERCHE and<br>BIOPROJET PHARMA SAS,<br><br>Plaintiffs,<br><br>v.<br><br>LUPIN LIMITED,<br>LUPIN PHARMACEUTICALS, INC.,<br>NOVUGEN PHARMA SDN. BHD., and<br>NOVUGEN PHARMA (USA) LLC<br>Defendants. | C.A. No. 23-1286-JLH |
| HARMONY BIOSCIENCES, LLC,<br>BIOPROJET SOCIÉTÉ CIVILE DE RECHERCHE and<br>BIOPROJET PHARMA SAS,<br><br>Plaintiffs,<br><br>v.<br><br>MSN PHARMACEUTICALS INC., MSN LABORATORIES PRIVATE LIMITED<br><br>Defendants. | C.A. No. 23-1420-JLH |

**[PROPOSED] PROTECTIVE ORDER**

WHEREAS, the parties have stipulated that certain information, documents and things of the parties subject to pleading, discovery, or disclosure in this Litigation be treated as confidential;

WHEREAS this Litigation may involve the discovery and disclosure of certain information, documents, and things in the possession, custody, or control of Plaintiffs Harmony Biosciences, LLC (“Harmony”), Bioprojet Société Civile de Recherche (“Bioprojet SCR”), and Bioprojet Pharma SAS (“Bioprojet Pharma”) (collectively, “Plaintiffs”); and Defendants AET Pharma US, Inc., (“AET”); Annora Pharma Private Limited (“Annora”); Novitium Pharma LLC (“Novitium”); Zenara Pharma Private Limited, Biophore India Pharmaceuticals Private Limited (collectively “Zenara”); Lupin Limited, Lupin Pharmaceuticals, Inc. (collectively, “Lupin”); Novugen Pharma Sdn. Bhd., Novugen Pharma (USA) LLC (collectively, “Novugen”), and MSN Pharmaceuticals Inc. and MSN Laboratories Private Limited (collectively, “MSN”); (all collectively “Defendants”); or non-parties that constitute or contain trade secrets or other confidential research, development, or commercial information within the meaning of Federal Rule of Civil Procedure 26(c);

WHEREAS such confidential information must be protected in order to preserve the legitimate business interests of the parties or non-parties and the privacy of non-parties; and

WHEREAS the parties, through counsel, stipulate that good cause exists for the entry of this Protective Order pursuant to Federal Rule of Civil Procedure 26(c) for the purpose of advancing the progress of this case and to prevent unnecessary dissemination or disclosure of such confidential information.

IT IS HEREBY ORDERED:

**DEFINITIONS**

1. The term "Confidential Information" shall mean any document or other tangible thing or any electronically stored information or oral testimony designated pursuant to this Protective Order that contains, reveals, or reflects what a party or non-party reasonably considers to be its trade secrets, or other confidential business, proprietary, technical, or commercially sensitive information, information it has maintained in confidence, information that it has an obligation to a third party to keep confidential, or other information required to be kept confidential by law, including without limitation: research and development information; regulatory submissions, correspondence, and communications (to the extent not publicly available); patent applications and prosecution related thereto (to the extent not publicly available); financial, budgeting and/or accounting information; information about existing and potential customers; marketing and other business strategies, decisions, or negotiations; personnel compensation, evaluations, and other employment information; settlement agreements and communications; and information about the health status, provision of health care to, or payment for health care provided to identified or reasonably identifiable individuals. Each party shall act reasonably and in good faith in designating information as "Confidential Information."

2. The term "Designating Party" refers to the party or non-party that designates information or items that it produces in disclosures or in responses to discovery as Confidential Information.

3. "Discovery Material" means all documents or other tangible things or electronically stored information, testimony, pleadings, exhibits, and all other material or information produced or disclosed, directly or indirectly, in this Litigation, including without limitation responses to requests for production of documents and/or things, answers to interrogatories, responses to

requests for admissions, documents and things produced or made available for inspection, deposition testimony, expert testimony and reports, and all other discovery taken pursuant to the Federal Rules of Civil Procedure, including third party discovery pursuant to Rule 45, matters in evidence and any other information hereafter furnished, directly or indirectly, by or on behalf of any party, third party, or witness in connection with this Litigation. This Protective Order and protections herein shall apply to all Discovery Material.

4. The term "Receiving Party" refers to the party that receives the Confidential Information of a Designating Party.

5. The term "this Litigation" refers, collectively, to the actions captioned *Harmony Biosciences, LLC et al. v. Lupin Limited et al.,* C.A. No. 23-1286-JLH, *Harmony Biosciences, LLC et al. v. AET Pharma US, Inc. et al.,* C.A. No. 23-1340-JLH, and *Harmony Biosciences, LLC et al. v. MSN Pharms. Inc. et al.,* C.A. No. 23-1420-JLH.

**USE OF CONFIDENTIAL INFORMATION**

6. Documents or information designated as Confidential Information shall be disclosed only to:

a. The Court before which this Litigation is pending and its official personnel;

b. The following Plaintiffs' Outside Counsel retained for this Litigation and their law firms' active members, attorneys, law clerks, paralegals, office staff, and employees working on this Litigation or whose duties or responsibilities require access to Confidential Information designated under this Protective Order ("Plaintiffs' Outside Counsel"):

i. Covington & Burling LLP

ii. Morris, Nichols, Arsht & Tunnell LLP

c. The following Defendants' Outside Counsel retained for this Litigation and their law firms' active members, attorneys, law clerks, paralegals, office staff, and employees

working on this Litigation or whose duties or responsibilities require access to Confidential Information under this Protective Order ("Defendants' Outside Counsel"):

i. Benesch Friedlander Coplan & Aronoff LLP

ii. Heyman Enerio Gattuso & Hirzel LLP

iii. Greenberg Traurig, LLP

iv. Stamoulis & Weinblatt LLC

v. Daignault Iyer LLP

vi. Winston & Strawn LLP

vii. Devlin Law Firm LLC

viii. Richards, Layton & Finger, P.A.

ix. Knobbe, Martens, Olson & Bear, LLP

x. Axinn, Veltrop & Harkrider LLP

xi. Young Conaway Stargatt & Taylor, LLP

xii. Rakoczy Molino Mazzochi Siwik LLP

d. **[PLAINTIFFS' POSITION]** Up to three (3) in-house attorneys ("Attorney Designees"), as well as paralegal assistants and clerical employees working directly under the supervision of said Attorney Designees, for each of Harmony, Bioprojet SCR, Bioprojet Pharma, AET, Annora, Novitium, Zenara, Lupin, Novugen, and MSN provided that such in-house attorneys are identified in writing to counsel for Defendants or Plaintiffs as the case may be at least seven (7) days prior to the disclosure of any Confidential Information to such in-house attorneys (unless the parties agree to waive or lessen the waiting period in writing).

**[DEFENDANTS' POSITION]** Up to three (3) in-house representatives who are responsible for overseeing this litigation ("In-house Designees"), as well as paralegal assistants and clerical employees working directly under the supervision of said In-House

Designees, for each of Harmony, Bioprojet SCR, Bioprojet Pharma, AET, Annora, Novitium, Zenara, Lupin, Novugen, and MSN provided that such in-house representatives are identified in writing to counsel for Defendants or Plaintiffs as the case may be at least seven (7) days prior to the disclosure of any Confidential Information to such in-house representative (unless the parties agree to waive or lessen the waiting period in writing). In-House Designees must not have decision-making responsibility for research and development related to pitolisant.

e. **[PLAINTIFFS' POSITION]** In lieu of the in-house attorney access provided for in Paragraph 6(d), parties who do not have an in-house attorney, may designate one (1) in-house representative ("In-House Designee") to receive Confidential Information under this Protective Order. To date, AET, Zenara, and Novugen have represented that they do not have in-house attorneys and seek access for an In-House Designee. For the duration of this Litigation and a period extending for one year from the end of this Litigation, including appeals, any In-House Designee receiving Confidential Information pursuant to this Paragraph, is expressly prohibited from participating formally or informally in any of the activities set forth in Paragraphs 18–19, and from engaging in any activities relating to the research, formulation, design, or development of pitolisant products or commercial decisions relating to pitolisant products. If one of the Defendant Groups identified in this Paragraph desires to disclose Confidential Information to an In-House Designee, it shall first obtain a signed declaration in the form shown in attached Exhibit A from the proposed In-House Designee. At least seven (7) days in advance of the first proposed disclosure of any Confidential Information to the proposed In-House Designee, the Defendant Group shall serve on counsel for Plaintiffs by electronic mail the proposed In-House Designee's signed declaration in the form shown in attached Exhibit A and an identification of the person's name, business address, and title. Any objection to disclosing Confidential Information to the In-

House Designee must be made in writing and served upon the applicable defendant, within seven (7) days after receiving the signed declaration. If there is no such objection within the allotted seven (7) day time period, the In-House Designee shall thereafter be qualified to receive Confidential Information. In the event Plaintiffs make a timely objection, Plaintiffs must also seek relief from the Court within ten (10) days from the date they made their written objection (or within such time as agreed between the parties).

**[DEFENDANTS' POSITION]** This provision is unnecessary if the Court accepts Defendants' proposed language in Paragraph 6.d.

f. A party may, as necessary when an Attorney Designee or In-House Designee identified by that party changes positions or leaves that party's employment, and on a one-for-one basis, identify a substitute Attorney Designee or In-House Designee meeting the criteria above in Paragraphs 6(d) and 6(e), provided that the party follows the procedure set forth in Paragraph 6(d) for the substitute Attorney Designee and the procedure set forth in Paragraph 6(e) for the substitute In-House Designee before disclosure of any Confidential Information is made. If such substitution is made, access to Confidential Information shall immediately cease and be terminated for the Attorney Designee or In-House Designee who has been replaced and Outside Counsel shall provide written confirmation that the replaced Attorney Designee's or In-House Designee's access to Confidential Information has been terminated. Additionally, to the extent any Attorney Designee or In-House Designee previously disclosed pursuant to Paragraphs 6(d) or 6(e) ceases to be engaged in or have responsibility for overseeing this Litigation, their access to Confidential Information shall immediately cease and be terminated for the Attorney Designee or In-House Designee and Outside Counsel shall provide written confirmation that such access to Confidential Information has been terminated.

g. Court reporters, stenographers, videographers, interpreters, translators, third-party photocopy, data or imaging services contractors, third-party contractors producing graphic or visual aids, courtroom technicians, trial consultants, jury consultants, mock jurors, and other vendors and their respective assistants retained for the purpose of providing litigation support services to Plaintiffs' Outside Counsel or Defendants' Outside Counsel in this Litigation;

h. Subject to Paragraph 17, any independent expert or consultant (along with their staff and other individuals working on this Litigation at their direction or under their supervision whose duties or responsibilities require access to Confidential Information under this Protective Order) who is retained by any of Plaintiffs' Outside Counsel or any of Defendants' Outside Counsel for the purpose of assisting in this Litigation; and

i. Any other person who is permitted to receive Confidential Information by order of the Court or by written agreement of the relevant parties.

7. The protections conferred by this Protective Order cover not only Confidential Information (as defined above), but also (1) any information copied or extracted from Confidential Information; (2) all copies, excerpts, summaries, or compilations of Confidential Information; (3) any testimony, conversations, or presentations by the parties or their respective counsel that might reveal Confidential Information; and (4) any tests, reports, analyses or other information that may be derived from Confidential Information.

8. Confidential Information shall be used solely for the purpose of this Litigation and any appeal of this Litigation. Confidential Information shall not be used or disclosed by a person listed in Paragraph 6 for any other purposes, including, without limitation, for any other business, commercial, competitive, personal, regulatory, or other purpose whether domestic or foreign. This

Protective Order places no limitation on a Designating Party's use or disclosure of its own Confidential Information.

9. **[PLAINTIFFS' POSITION]** With respect to Confidential Information disclosed to Plaintiffs by one Defendant ("Designating Defendant"), Plaintiffs may only disclose, summarize, describe, reveal, or otherwise make available in whole or in part any Confidential Information produced by one Defendant to another Defendant if the disclosure is limited to representatives identified in Paragraphs 6(c) and 6(h) above, or is otherwise agreed to by the Designating Defendant. For avoidance of doubt, absent written consent by the Designating Defendant, Outside Counsel who receives a Defendant's Confidential Information shall not share the Confidential Information with Attorney Designees or In-House Designees of another Defendant identified in Paragraphs 6(d) and 6(e), or any other in-house employee of another Defendant. The Attorney Designees or In-House Designees identified in Paragraphs 6(d) and 6(e) for one Defendant shall not have access to any document or electronic database containing another Defendant's Confidential Information.

**[DEFENDANTS' POSITION**] Notwithstanding any provision in this Order, no Defendant (or Attorney Designee/In-House Designee for a Defendant that is qualified to receive Confidential Information pursuant to Paragraph 6) shall be permitted access to any other Defendant's Confidential Information without consent from the Producing Party, nor shall any Defendant be required to produce its Confidential Information to any other Defendant. Plaintiffs may not use any Defendant's Confidential Information against, or disclose such Confidential Information to, any other Defendant. Plaintiffs may, however, include Confidential Information of multiple Defendants in a single Court filing, discovery response, expert report, or pretrial exchange, so long as Plaintiffs also concurrently serve appropriately redacted versions thereof on

each Defendant by or before the scheduled deadline. If multiple Defendants remain in this case at the close of expert discovery, the parties agree to discuss the procedure for handling trial and pretrial documents containing Confidential Information of multiple Defendants and address it in an Interim Status Report submitted to the Court.

10. Nothing in this Protective Order shall prevent any person, including persons listed under Paragraph 6, from making use of any information that is designated as Confidential Information if such information:

a. Was lawfully in his or her possession prior to receipt under the provisions of this Protective Order, and is not subject to any other applicable confidentiality agreement;

b. Was or becomes available to the public through no fault of said person;

c. Was or is obtained from a source not under an obligation of secrecy to the Designating Party;

d. Is exempted from the operation of this Protective Order by written consent of the Designating Party; or

e. Is exempted from the operation of this Protective Order by order of this Court.

**DISCLOSURE OF CONFIDENTIAL INFORMATION**

11. Confidential Information shall not be made available to anyone other than a person to whom disclosure is permitted under Paragraphs 6 and 9, above, or the Designating Party, except as otherwise provided in this Protective Order.

12. A document that contains or reveals Confidential Information may be shown to any witness testifying under oath if the witness is indicated in such document to be its originator or author or recipient of a copy, or if by laying a foundation during the examination, it is established

that there was a reasonable possibility that the witness had previously seen such document or was privy to the Confidential Information reflected therein.

13. A Designating Party's Confidential Information may be disclosed to a witness testifying under oath if the witness is an officer, director, or employee of that Designating Party or is testifying for that Designating Party pursuant to Federal Rule of Civil Procedure 30(b)(6).

14. A Designating Party's Confidential Information may be disclosed to a witness testifying under oath if the witness was formerly an officer, director, or employee of that Designating Party and the Confidential Information was in existence during the period of his or her service or employment.

15. Confidential Information may be disclosed to a witness testifying under oath if, subject to Paragraph 9, the witness is authorized to access Confidential Information pursuant to Paragraph 6 of the Protective Order.

16. Nothing in this Protective Order shall prevent disclosure of Confidential Information if the Designating Party consents in writing to such disclosure or if this Court orders such disclosure.

17. **[PLAINTIFFS' POSITION]** Counsel desiring to disclose Confidential Information to an independent expert or consultant according to Paragraph 6(h) shall first obtain a signed declaration in the form shown in attached **Exhibit A** from that person. At least five (5) business days in advance of the first proposed disclosure of any Confidential Information to that person, counsel shall serve on all parties by electronic mail that person's signed declaration in the form shown in attached **Exhibit A** and curriculum vitae or equivalent resume disclosing the individual's employment history and all cases in which the individual has testified in a deposition or a trial in the past four years. Any objection to disclosing Confidential Information to the expert

or consultant must be made in writing and served upon each other party within five (5) business days after receiving the signed declaration. If there is no such objection within the allotted five (5) business day time period, the witness or consultant shall thereafter be qualified to receive Confidential Information. In the event a Designating Party makes a timely objection, it must seek relief from the Court within five (5) business days from the date it made its written objection (or within such time as agreed between the Designating and Receiving Parties); otherwise such objection shall be deemed to be withdrawn and the expert or consultant shall thereafter be qualified to receive Confidential Information. The objecting party shall have the burden of proving that disclosure should not be made. If a Designating Party timely objects to the proposed disclosure and such objection is not withdrawn, the Designating Party's Confidential Information shall not be disclosed to the identified expert or consultant until the objection has been resolved by the Court or by the parties.

**[DEFENDANTS' POSITION]** Counsel for a Receiving Party desiring to disclose Confidential Information to an independent expert or consultant according to Paragraph 6(g) shall first obtain a signed declaration in the form shown in attached **Exhibit A** from that person. At least five (5 business) days in advance of the first proposed disclosure of any Confidential Information to that person, counsel for the Receiving Party shall serve on the Designating Party by electronic mail that person's signed declaration in the form shown in attached **Exhibit A** and curriculum vitae or equivalent resume disclosing the individual's employment history and all cases in which the individual has testified in a deposition or a trial in the past four years. Any objection by the Designating Party to disclosing Confidential Information to the expert or consultant must be made in writing and served upon the Receiving Party within five (5 business) days after receiving the signed declaration. If there is no such objection within the allotted five (5 business)

day time period, the witness or consultant shall thereafter be qualified to receive Confidential Information of the Designating Party. In the event a Designating Party makes a timely objection, it must seek relief from the Court within seven (7) days from the date it made its written objection (or within such time as agreed between the Designating and Receiving Parties); otherwise such objection shall be deemed to be withdrawn and the expert or consultant shall thereafter be qualified to receive Confidential Information. The Designating Party shall have the burden of proving that disclosure should not be made. If a Designating Party timely objects to the proposed disclosure and such objection is not withdrawn, the Designating Party's Confidential Information shall not be disclosed to the identified expert or consultant until the objection has been resolved by the Court or by the parties.

**PROHIBITED USES**

18. FDA Proceedings. For the duration of this Litigation and a period extending one year from the end of this Litigation, including appeals, any individuals who have access to Confidential Information under this Protective Order shall not participate in the preparation or submission of any United States Food and Drug Administration ("FDA") submissions (including Citizen Petitions) or submissions to equivalent regulatory agencies in any foreign country regarding pitolisant products, except that this provision shall not limit or restrict (i) participation in the preparation or submission of submissions that relate solely to the Receiving Party's own application or (ii) participation in the preparation or submission of submissions that relate to the already existing dispute(s) regarding the adequacy or inadequacy of the pre-suit notice MSN provided related to ANDA No. 218873 and/or the applicability or inapplicability of a stay of FDA approval of ANDA No. 218873 pursuant to 21 U.S.C. § 355(j)(5)(B)(iii), provided that such submissions use only publicly available information.

19. Patent Prosecution. For the duration of this Litigation and a period extending one year from the end of this Litigation, including appeals, the individuals who have access to Confidential Information under this Protective Order shall not engage, formally or informally, in drafting or amending patent claims relating to pitolisant before the United States Patent and Trademark Office or any corresponding patent authority. This Paragraph is not intended to preclude involvement in reexaminations, oppositions, *inter partes* reviews, or other post-grant proceedings before the United States Patent and Trademark Office or any foreign patent office as long as such individuals are not involved directly or indirectly in drafting or amending patent claims relating to pitolisant.

**IDENTIFICATION AND MARKING OF CONFIDENTIAL INFORMATION**

20. Any party may designate Discovery Material it produces in this Litigation as CONFIDENTIAL in accordance with this Protective Order if such party reasonably and in good faith believes that such Discovery Material contains Confidential Information as defined in Paragraph 1.

21. Any document or other tangible thing that contains or reveals Confidential Information shall be labeled with the legend "CONFIDENTIAL." For a document, such marking shall appear on each page of the document that contains Confidential Information, provided that the requirement to mark each page shall not apply where documents are produced in native form (unless reasonably practical) or were produced in prior litigation and were marked in some other manner to indicate their confidential status. Documents produced prior to the entry of the Protective Order and labeled as being produced or provided pursuant to Local Rule 26.2 shall be treated as if designated CONFIDENTIAL pursuant to this Protective Order. Any Confidential Information not reduced to documentary or physical form or which cannot be conveniently labeled shall be so designated by the Designating Party by serving written notice on all parties. Any

document or other tangible thing so labeled and the information it contains or reveals shall be treated in accordance with the provisions of this Protective Order.

22. When a Designating Party initially produces documents for inspection, no marking need be made by the Designating Party in advance of the inspection. There will be no waiver of confidentiality, or any privilege or immunity, by the inspection of Confidential Information before it is copied and marked CONFIDENTIAL pursuant to the procedure of this Protective Order. For purposes of the inspection, all documents shall be treated as CONFIDENTIAL. After the inspecting party selects documents for production, the Designating Party shall appropriately mark the copies of the selected documents before they are provided to the Receiving Party.

23. Documents and things produced or made available for inspection may be subject to redaction, in good faith by the Designating Party, of information that is subject to the attorney-client privilege, to work-product immunity, or any other applicable privilege or immunity; to applicable personal or data privacy protection laws or regulations; or to commercially sensitive information about products that are unrelated to this Litigation. This Paragraph shall not be construed as a waiver of any party's right to seek disclosure of redacted information. Each such redaction, regardless of size, shall be clearly visible and may be labeled "Redacted" or the like, as appropriate.

24. Information disclosed at the deposition of a party or one of its present or former officers, directors, employees, or agents, or a non-party, may be designated as Confidential Information by that party or non-party either (a) on the record at the deposition or (b) by serving a written notification on each Receiving Party within twenty-one (21) days of receipt of the final transcript by counsel for the Designating Party. If no party or non-party timely designates any information provided in a deposition as Confidential Information, then none of the transcript will

be treated as Confidential Information. Upon request from the Receiving Party, the Designating Party will promptly provide a copy of the final transcript that redacts the portions of the final transcript containing Confidential Information. The confidential portions, and all copies of those portions, shall be treated as Confidential Information subject to the terms of this Protective Order. Should the Receiving Party choose to challenge the redactions of the purported Confidential Information, the Receiving Party and Designating Party shall abide by the procedures in Paragraphs 28–32. Deposition transcripts containing Confidential Information shall be prominently marked on the front page with a statement that provides "THIS DEPOSITION TRANSCRIPT CONTAINS CONFIDENTIAL INFORMATION SUBJECT TO PROTECTIVE ORDER," or similar language. The use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL."

25. Subject to Paragraphs 9 and 17, only persons listed in Paragraph 6 and the deponent shall be allowed to attend any portion of a deposition in which Confidential Information is used or elicited from the deponent, unless the Designating Party for such Confidential Information agrees otherwise.

**INADVERTENT FAILURE TO DESIGNATE**

26. The inadvertent failure by a party to designate specific documents or materials as containing Confidential Information shall not be deemed a waiver in whole or in part of a claim of confidentiality as to such documents or materials. Where a Designating Party produced undesignated documents or materials containing Confidential Information resulting from inadvertence or mistake on the part of the Designating Party, such inadvertence or mistake shall be brought to the attention of the Receiving Party promptly after its discovery. Along with the notice of such inadvertent or mistaken undesignated disclosure or production, the Designating Party shall provide properly designated documents or materials, if applicable. Upon receipt of

such notice and properly designated documents or materials, if applicable, the Receiving Party shall substitute properly designated copies for those previously received, treat the information contained in or derived from said replaced documents or materials as Confidential Information, and destroy all copies of the undesignated documents or materials.

**UNAUTHORIZED DISCLOSURE OF CONFIDENTIAL INFORMATION**

27. If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed a Designating Party's Confidential Information to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) and use its best efforts to retrieve all unauthorized copies of the Confidential Information, including requesting that the person or persons to whom unauthorized disclosures were made destroy or return all unauthorized copies of the Confidential Information. Nothing here shall prevent the Designating Party whose Confidential Information or material was improperly disclosed from seeking other remedies from the Receiving Party, including damages or injunctive relief.

**CHALLENGES TO CONFIDENTIAL INFORMATION DESIGNATION**

28. If any party disputes or challenges the designation of any information as Confidential Information, such information shall nevertheless be treated as Confidential Information in accordance with the provisions of this Protective Order until such designation is removed by order of the Court or by written consent of the Designating Party.

29. Timing of Challenges. Any Party may challenge a designation of confidentiality at any time. A Receiving Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

30. Meet and Confer. The party challenging the designation of confidentiality ("Challenging Party") shall initiate the dispute resolution process by providing written notice of

each designation it is challenging and describing the basis for each challenge. The parties shall attempt to resolve each challenge in good faith and must meet-and-confer within fourteen (14) days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet-and-confer process first or establishes that the Designating Party is unwilling to participate in the meet-and-confer process in a timely manner. For purposes of this provision, failure to meet and confer within fourteen (14) days of service of the notice shall be presumed to be untimely.

31. Judicial Intervention. If the parties cannot resolve a challenge without court intervention, the Challenging Party shall contact the Court in compliance with the Court's rules within fourteen (14) days of the meet-and-confer. *See* C.A. No. 23-1286 (JLH) (Consolidated), D.I. 34 ¶ 9(g). Failure by the Challenging Party to contact the Court within fourteen (14) days of the meet-and-confer shall automatically waive the challenge to the designation. The burden to establish that the information in question should be treated as Confidential Information under this Protective Order lies with the Designating Party.

32. All parties shall continue to treat the material in question as Confidential Information until the Court rules on the challenge.

**INADVERTENT PRODUCTION OF PRIVILEGED INFORMATION**

33. Inadvertent production of materials or documents subject to the attorney-client privilege, work-product immunity or any other applicable privilege or immunity shall be handled as follows, without prejudice to the right of any party to apply to the Court for further protection or disclosure relating to discovery. Inadvertent production of materials or documents subject to the

attorney-client privilege, work-product immunity, or any other applicable privilege or immunity itself shall not constitute a waiver of such privilege(s), either as to the inadvertently produced document(s) or information or as to the subject matter disclosed therein.

a. After discovering that information produced in discovery should have been withheld on the basis of privilege or immunity, the party that inadvertently produced the information ("Producing Party") shall promptly notify the Receiving Party in writing, or the Receiving party shall promptly notify the Producing Party in writing if the Receiving Party discovers such privileged information before the Producing Party, identifying the documents or information in question (by Bates number or other identifier), the privilege or immunity invoked and the basis therefor ("Recalled Information"). For clarity, the Producing Party may provide such notice even if the discovery that such information should have been withheld occurs during or after initial use of such information at a hearing or deposition. No demonstration or proof of error, inadvertence, excusable neglect, or absence of negligence shall be required of the Producing Party in order for such party to avail itself of the provisions of this Paragraph.

b. Within seven (7) days of receiving or sending such notice, the Receiving Party shall return or destroy the materials or documents and all copies thereof and certify to the Producing Party that all copies thereof have been returned or destroyed, regardless of whether the Receiving Party has an objection to the basis of the privilege(s) asserted. Nothing herein shall prevent the Receiving Party from preparing and keeping a record containing the date, author, address(es), and such other information as is reasonably necessary to identify the Recalled Information in order to file a motion to compel production of the information. Such a record may not be used for any purpose other than the preparation and filing of a motion to compel in this Litigation. After the return or destruction of Recalled Information, the Receiving Party may

challenge the Producing Party's claim(s) of privilege or immunity by making an application to the Court. The parties agree that destroying a document pursuant to this Paragraph does not waive or otherwise alter the right of a party to object to the basis of the privilege(s) asserted.

c. Within seven (7) days of receiving notice according to Paragraph 33(a), if the Receiving Party believes it has a good-faith basis for challenging the privilege claim, Outside Counsel for the Receiving Party shall provide to Outside Counsel for the Producing Party a written explanation of the good-faith basis for its belief that the inadvertently produced materials or documents are not privileged.

d. The parties will meet and confer in good faith and, failing resolution, either party may move the Court for a resolution of such dispute in accordance with the discovery matters procedures set forth in the Scheduling Order in this case.

e. For purposes of this Paragraph, the term "inadvertent" shall have the same meaning as the term has in Federal Rule of Evidence 502(b).

**INADVERTENT PRODUCTION OR DISCLOSURE**
**OF NON-PRIVILEGED INFORMATION**

34. If any non-privileged information produced during the course of this Litigation is inadvertently produced by the producing party or any agent or vendor of the producing party, such production will not be deemed a waiver as to any relevance objections to its production.

**FILING OF CONFIDENTIAL INFORMATION**

35. All Confidential Information shall, unless otherwise ordered by the Court, be filed in this Litigation under seal in accordance with the terms and procedures set forth in the Local Rules of the District of Delaware, the Federal Rules of Civil Procedure, CM/ECF Procedures, or applicable appellate rules as appropriate, and shall be made available only to the Court and to persons authorized by the terms of this Stipulated Protective Order. In accordance with section G

of the Revised Administrative Procedures Governing Filing and Service by Electronic Means, a redacted version of any sealed document shall be filed electronically within seven days of the filing of the sealed document. *See* C.A. No. 23-1286 (JLH) (Consolidated), D.I. 34 ¶ 5. [Should any party intend to request to seal or redact all or any portion of a transcript of a court proceeding (including a teleconference), such party should expressly note that intent at the start of the court proceeding.] Should any party subsequently choose to make a request for sealing or redaction, it must, promptly after the completion of the transcript, file with the Court a motion for sealing/redaction, and include as attachments (1) a copy of the complete transcript highlighted so the Court can easily identify and read the text proposed to be sealed/redacted, and (2) a copy of the proposed redacted/sealed transcript. With their request, the party seeking redactions must demonstrate why there is good cause for the redactions and why disclosure of the redacted material would work a clearly defined and serious injury to the party seeking redaction. *Id.*

36. If necessary, the parties shall propose to the Court procedures for handling Confidential Information at any hearing and/or trial.

**REQUESTS RECEIVED FROM THIRD PARTIES**

37. In the event that any Confidential Information in the possession, custody, or control of any Receiving Party is sought by subpoena or other legal process, including compulsory process issued by any court, administrative, regulatory or legislative body, or any other person or tribunal purporting to have the authority to seek such information, the Receiving Party to whom the process or discovery request is directed shall: (1) apprise the person or entity seeking such Confidential Information by subpoena or other legal process of this Protective Order; (2) give written notice of such process or discovery request, together with a copy thereof, to Outside Counsel for the Designating Party, request an agreement to make the requested disclosure, and provide the Designating Party with an opportunity to object; and (3) take reasonable steps as permitted by law

to prevent the production of Confidential Information until such time that the parties reach an agreement to make the requested disclosure, or the Designating Party moves the Court for an order that the disclosure not be made and the Court resolves the motion. Nothing herein shall be construed as requiring anyone covered by this Protective Order to contest a subpoena or other process, to appeal any order requiring production of Confidential Information covered by this Protective Order, or to subject itself to penalties for non-compliance with any legal process or order.

## ADVICE TO CLIENTS

38. Nothing in this Protective Order shall bar or otherwise restrict an attorney herein from rendering advice to his or her client with respect to this Litigation and, in the course thereof, referring to or relying upon his or her examination of Confidential Information. In rendering such advice and in otherwise communicating with his or her client, the attorney shall not disclose any Confidential Information if such disclosure would be contrary to the provisions of this Protective Order.

## MISCELLANEOUS

39. All deadlines set forth in this Order shall be calculated pursuant to Federal Rule of Civil Procedure 6 unless otherwise indicated.

40. Nothing in this Protective Order shall prejudice the right of any party to object to production of any information for lack of relevance, privilege, or any ground other than confidentiality.

41. Nothing in this Protective Order shall prejudice the right of any party to seek at any time a further order modifying this Protective Order. This Protective Order may be modified or amended either by agreement of the parties or by order of the Court.

42. In the event that a new party is added, substituted or brought in, this Protective Order will be binding on and inure to the benefit of the new party, subject to the right of the new party to seek relief from or modification of this Protective Order.

43. **[DEFENDANTS POSITION]** In the event that a party ceases to be engaged in the conduct of this action ("Dismissed Party"), such a party's access to any Designating Party's Confidential Information in this action shall be terminated, and all copies thereof shall be returned or destroyed in accordance with Paragraph 50, except that such return or destruction shall take place as soon as practicable after such party ceases to be engaged in the conduct of this action. Any Party's access to a Dismissed Party's Confidential Information shall also be terminated, and all copies thereof shall be returned or destroyed in accordance with Paragraph 50, except that such return or destruction shall take place as soon as practicable after such party ceases to be engaged in the conduct of this action. Notwithstanding the destruction requirement, preexisting court filings, discovery responses, expert discovery, and internal emails or other work product as of the time of a Party's dismissal containing a Dismissed Party's Confidential Information need not be destroyed by the Parties remaining in the litigation until within ninety (90) days after the termination of this Litigation, including any appeals and petitions for review, but any such Confidential Information shall no longer be used. The provisions of this Protective Order shall remain in full force and effect as to party who previously had access to any Designating Party's Confidential Information, except as may be specifically ordered by the Court or consented to by the Designating Party.

**[PLAINTIFFS' POSITION]** Disposition of Confidential Information of parties dismissed from the Litigation should be governed by Paragraph 50.

44. The terms of this Protective Order may be applied to the documents, information, and things received by a party from any person who is not a party to this Litigation at the election of such person, provided that the non-party so designates such documents, information, and things. Nothing in this Protective Order shall prohibit a non-party from conferring with the parties to this Litigation regarding the implementation of more restrictive disclosure and/or use requirements for such non-party's information.

45. Nothing in this Protective Order shall prejudice the right of any party or third party to bring before the Court at any time the question of whether any greater or lesser restrictions should be placed upon the disclosure of any Confidential Information. Nevertheless, no information may be withheld from discovery on the ground that the material to be disclosed requires protection greater than that afforded by this Protective Order unless the party claiming a need for greater protection moves for an order providing such special protection pursuant to Federal Rule of Civil Procedure 26(c).

46. For clarity, nothing in this Protective Order shall affect the right of a Designating Party to disclose to its officers, directors, employees, attorneys, consultants or experts, or to any other person, its own information, including the right of one Defendant to disclose its own information to another Defendant, or one Plaintiff to disclose its own information to another Plaintiff. Such disclosure shall not waive the protections of this Protective Order and shall not entitle other parties or their attorneys to disclose such information in violation of it, unless by such disclosure of the Designating Party the information becomes public knowledge. Similarly, the Protective Order shall not preclude a Designating Party from showing its own information to its officers, directors, employees, attorneys, consultants or experts, or to any other person, which information has been filed under seal by a Receiving Party.

47. By entering this Order and limiting the disclosure of information in this Litigation, the Court does not intend to preclude another court from finding such information relevant and subject to disclosure in another case. Any person or party subject to this Order who in other proceedings becomes subject to a motion to disclose another party's information designated "CONFIDENTIAL" pursuant to this Protective Order shall promptly notify that party of the motion so that party may have an opportunity to appear and be heard in the other proceeding.

48. The terms of this Protective Order shall supersede and replace the terms, procedures, restrictions, or obligations agreed to in any Offer of Confidential Access or Confidential Access Agreement executed by the parties prior to the filing of the above-captioned cases. Any documents or information produced pursuant to any such Offers of Confidential Access shall be treated as Confidential Information pursuant to the terms of this Protective Order.

49. The provisions of this Protective Order shall survive and remain in full force and effect after the termination of this litigation, including any appeals, and this Court will retain jurisdiction for enforcement of this Protective Order and the resolution of any dispute relating thereto.

50. Within ninety (90) days after the termination of this Litigation, including any appeals and petitions for review, each document and each other tangible thing that contains or reveals Confidential Information and any copies, abstracts, summaries, notes, or other records regarding the contents of any Confidential Information shall be either (a) returned to the Designating Party's Outside Counsel or (b) destroyed with a written representation of such destruction being made to the Designating Party's Outside Counsel. Notwithstanding the foregoing, Outside Counsel, Attorney Designees, and In-House Designees may maintain each of

the following: each paper filed with the Court together with any exhibits thereto, each deposition transcript together with the exhibits marked at the deposition, each expert report together with any exhibits thereto, all written discovery and responses thereto, each demonstrative used at trial or any other hearing, each trial or hearing transcript, each exhibit used at trial, each item of correspondence, and all drafts, memoranda, and other documents constituting work product which were based upon or which include Confidential Information. In the event that Outside Counsel, Attorney Designees, and In-House Designees maintain such documents, they shall not disclose material containing any Confidential Information to another party or third party absent subpoena or court order. Outside Counsel and Attorney Designees likewise need not purge their email, document management systems, or back-up tapes, provided, however, that any Confidential Information contained in such documents retained by counsel shall remain subject to the protections of this Protective Order. No person or Receiving Party is obligated to return or destroy Confidential Information contained on electronic backup, back-up tapes or other archival media, which should be treated in accordance with existing retention policies.

51. The Clerk of the Court may return to counsel for the parties, or destroy, any sealed material at the end of the litigation, including any appeals.

52. Notice of this Protective Order shall be to the parties through their counsel of record in this Litigation all at their respective addresses of record filed with this Court for this Litigation.

53. In the event anyone shall violate or threaten to violate the terms of this Protective Order, the aggrieved party immediately may apply to obtain injunctive relief against any such person violating or threatening to violate any of the terms of the Protective Order in this Court, and in the event that the aggrieved party does so, the responding party, subject to the provisions of the Protective Order, shall not employ as a defense thereto the claim that the aggrieved party

possesses an adequate remedy at law. Any action to enforce this Protective Order, whether to obtain the injunctive relief provide by this Paragraph or otherwise, shall be brought in this Court.

54. All parties shall be bound by the terms of the Protective Order once submitted to the Court.

SO ORDERED this ___ day of _____, 2024.

___________________________________

UNITED STATES DISTRICT JUDGE

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

____________________________________
Jack B. Blumenfeld (#1014)
Jeremy A. Tigan (#5239)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@mnat.com
jtigan@mnat.com

*Attorneys for Harmony Biosciences, LLC, Bioprojet Société Civile de Recherche, and Bioprojet Pharma SAS*

OF COUNSEL:

Christopher N. Sipes
Erica N. Andersen
Brianne Bharkhda
Sarahi Uribe
Pierre Anquetil
Elaine Nguyen
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street NW
Washington, DC 20001-4956
(202) 662-6000

*Attorneys for Harmony Biosciences, LLC, Bioprojet Société Civile de Recherche, and Bioprojet Pharma SAS*

[INSERT DEFS' SIGNATURE BLOCK]

**EXHIBIT A**

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| HARMONY BIOSCIENCES, LLC, BIOPROJET SOCIÉTÉ CIVILE DE RECHERCHE and BIOPROJET PHARMA SAS,<br><br>Plaintiffs,<br><br>v.<br><br>AET PHARMA US, INC., ANNORA PHARMA PRIVATE LIMITED, NOVITIUM PHARMA LLC, ZENARA PHARMA PRIVATE LIMITED and BIOPHORE INDIA PHARMACEUTICALS PRIVATE LIMITED,<br>Defendants. | C.A. No. 23-1340-JLH |
| HARMONY BIOSCIENCES, LLC, BIOPROJET SOCIÉTÉ CIVILE DE RECHERCHE and BIOPROJET PHARMA SAS,<br><br>Plaintiffs,<br><br>v.<br><br>LUPIN LIMITED, LUPIN PHARMACEUTICALS, INC., NOVUGEN PHARMA SDN. BHD., and NOVUGEN PHARMA (USA) LLC<br>Defendants. | C.A. No. 23-1286-JLH |
| HARMONY BIOSCIENCES, LLC, BIOPROJET SOCIÉTÉ CIVILE DE RECHERCHE and BIOPROJET PHARMA SAS,<br><br>Plaintiffs,<br><br>v.<br><br>MSN PHARMACEUTICALS INC., MSN LABORATORIES PRIVATE LIMITED<br><br>Defendants. | C.A. No. 23-1420-JLH |

**AGREEMENT TO BE BOUND BY PROTECTIVE ORDER**

I, ______________________, hereby acknowledge that I received a copy of the Protective Order in this Litigation (captioned above). I have read and understood the Protective Order and agree to be bound by its provisions. I agree not to copy or use any information designated as Confidential Information that may be provided to me for any purpose other than in connection with this Litigation, and I agree not to reveal any such information to any person not authorized by this Protective Order.

I further acknowledge and understand that a violation of this Protective Order may subject me to penalties of the Court, and I hereby submit to the jurisdiction of the United States District Court for the District of Delaware in connection with any proceedings concerning enforcement of this Protective Order.

______________________________ ______________________________

Signature Name

______________________________ ______________________________

Date Employer or Other Business Affiliation