IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| HARMONY BIOSCIENCES, LLC, BIOPROJET SOCIÉTÉ CIVILE DE RECHERCHE and BIOPROJET PHARMA SAS, <br><br>    Plaintiffs, <br><br> v. <br><br> LUPIN LIMITED, LUPIN PHARMACEUTICALS, INC., NOVUGEN PHARMA SDN. BHD. and NOVUGEN PHARMA (USA) LLC, <br><br>    Defendants. | C.A. No. 23-1286 (JLH) <br> **CONSOLIDATED** |

**CONSENT JUDGMENT**

Harmony Biosciences, LLC, Bioprojet Société Civile De Recherche, and Bioprojet Pharma SAS (hereinafter collectively "Harmony"), and Novugen Pharma Sdn. Bhd. and Novugen Pharma (USA) LLC (hereinafter collectively "Novugen" and with Harmony, the "Parties"), have agreed to terms and conditions representing a negotiated settlement of the action and have set forth those terms and conditions in a Settlement Agreement (the "Settlement Agreement"). Now the Parties, by their respective undersigned attorneys, hereby stipulate and consent to entry of judgment and an injunction in the action, as follows:

IT IS this __4th__ day of __November__, 2024:

ORDERED, ADJUDGED AND DECREED as follows:

1. This District Court has jurisdiction over the subject matter of the above actions and has personal jurisdiction over the parties.

2. As used in this Consent Judgment, (i) the term "Novugen Product" shall mean the drug product sold, offered for sale or distributed pursuant to Abbreviated New Drug

Application No. 218834 (and defined in greater detail in the Settlement Agreement); (ii) the term "Licensed Patents" shall mean United States Patent Numbers 8,207,197 and 8,486,947; and (iii) the term "Affiliate" shall mean any entity or person that, directly or indirectly through one or more intermediaries, controls, is controlled by, or is under common control with Novugen; for purposes of this definition, "control" means (a) ownership, directly or through one or more intermediaries, of (1) more than fifty percent (50%) of the shares of stock entitled to vote for the election of directors, in the case of a corporation, or (2) more than fifty percent (50%) of the equity interests in the case of any other type of legal entity or status as a general partner in any partnership, or (b) any other arrangement whereby an entity or person has the right to elect a majority of the Board of Directors or equivalent governing body of a corporation or other entity or the right to direct the management and policies of a corporation or other entity.

3. Unless otherwise specifically authorized pursuant to the Settlement Agreement, Novugen, including any of its Affiliates, successors and assigns, is enjoined from infringing the Licensed Patents, on its own part or through any Affiliate, by making, having made, using, selling, offering to sell, importing or distributing of the Novugen Product.

4. Nothing herein prohibits or is intended to prohibit Novugen from maintaining and/or filing (*e.g.*, in the case of a recertification pursuant to 21 C.F.R. § 314.96(d)) a "Paragraph IV" certification pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV) or pursuant to 21 C.F.R. 314.94(a)(12) with respect to the Licensed Patents.

5. Compliance with this Consent Judgment may be enforced by Harmony and its successors in interest, or assigns, as permitted by the terms of the Settlement Agreement.

6. This District Court retains jurisdiction to enforce or supervise performance under this Consent Judgment and the Settlement Agreement.

7. All claims of Harmony against Novugen, and all counterclaims and affirmative defenses of Novugen against Harmony, that either Party asserted, or could have asserted, in this action with respect to the Licensed Patents are hereby dismissed with prejudice and without costs, disbursements or attorneys' fees to any Party.

_____
The Honorable Jennifer L. Hall
UNITED STATES DISTRICT JUDGE

We hereby consent to the form and entry of this Order:

| MORRIS, NICHOLS, ARSHT &TUNNELL LLP | DEVLIN LAW FIRM LLC |
|---|---|
| */s/ Jeremy A. Tigan* | */s/ James M. Lennon* |
| Jack B. Blumenfeld (#1014)<br>Jeremy A. Tigan (#5239)<br>1201 North Market Street<br>P.O. Box 1347<br>Wilmington, DE 19899<br>(302) 658-9200<br>jblumenfeld@morrisnichols.com<br>jtigan@morrisnichols.com | Timothy Devlin (#4241)<br>James M. Lennon (#4570)<br>1526 Gilpin Avenue<br>Wilmington, DE 19806<br>(302) 449-9010<br>tdevlin@devlinlawfirm.com<br>jlennon@devlinlawfirm.com |
| OF COUNSEL: | OF COUNSEL: |
| Christopher N. Sipes<br>Erica N. Andersen<br>Brianne Sullivan<br>Sarahi Uribe<br>Pierre Anquetil<br>Elaine Nguyen<br>COVINGTON & BURLING LLP<br>One CityCenter<br>850 Tenth Street NW<br>Washington, DC 20001-4956<br>(202) 662-6000 | Paul J. Molino<br>Katie A. Boda<br>Kevin E. Warner<br>Wojciech K. Jankiewicz<br>RAKOCZY MOLINO MAZZOCHI SIWIK<br>6 West Hubbard Street, Suite 500<br>Chicago, IL 60654<br>(312) 527-2157<br><br>*Attorneys for Defendants Novugen Pharma Sdn. Bhd. and Novugen Pharma (USA) LLC* |

3

Yiye Fu
COVINGTON & BURLING LLP
3000 El Camino Real
5 Palo Alto Square, 10th Floor
Palo Alto, CA  94306
(650) 632-4700

Alexa Hansen
COVINGTON & BURLING LLP
Salesforce Tower
415 Mission Street, Suite 5400
San Francisco, CA 94105-2533
(415) 591-6000

*Attorneys for Plaintiffs Harmony Biosciences, LLC, Bioprojet Société Civile de Recherche and Bioprojet Pharma SAS*

November 1, 2024