IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| HARMONY BIOSCIENCES, LLC,<br>BIOPROJET SOCIÉTÉ CIVILE DE<br>RECHERCHE and<br>BIOPROJET PHARMA SAS,<br><br>          Plaintiffs,<br><br>    v.<br><br>LUPIN LIMITED, et al.<br><br>          Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>) C.A. No. 23-1286 (JLH)<br>) **CONSOLIDATED**<br>)<br>) **PUBLIC VERSION**<br>)<br>) |

**LETTER FROM JEREMY A. TIGAN TO THE HONORABLE SHERRY R. FALLON
REGARDING PLAINTIFFS' DISCOVERY DISPUTE WITH ZENARA**

OF COUNSEL:

Christopher N. Sipes
Erica N. Andersen
Brianne Bharkhda Sullivan
Sarahi Uribe
Elaine Nguyen
Pierre Anquetil
Sarah Kratt
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street NW
Washington, DC  20001-4956
(202) 662-6000

Alexa Hansen
COVINGTON & BURLING LLP
Salesforce Tower
415 Mission Street, Suite 5400
San Francisco, CA 94105-2533
(415) 591-6000

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Jeremy A. Tigan (#5239)
Megan E. Dellinger (#5739)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jtigan@morrisnichols.com
mdellinger@morrisnichols.com

Yiye Fu
COVINGTON & BURLING LLP
3000 El Camino Real
5 Palo Alto Square, 10th Floor
Palo Alto, CA  94306
(650) 632-4700

*Attorneys for Plaintiffs Harmony Biosciences,
LLC, Bioprojet Société Civile de Recherche
and Bioprojet Pharma SAS*

**Confidential Version Filed: February 12, 2025**
**Public Version Filed: February 19, 2025**

Dear Judge Fallon:

Pursuant to the Court's January 27, 2025 Order (D.I. 186), Plaintiffs respectfully request that the Court order Defendants Zenara Pharma Private Limited and Biophore India Pharmaceuticals Private Limited to synthesize, and produce a sample of, ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉ the pendency of this litigation.

### I. Zenara Destroyed Evidence Highly Relevant to Infringement During the Pendency of this Litigation

This is a consolidated Hatch-Waxman patent infringement case concerning Plaintiffs' pioneering narcolepsy drug, Wakix®, whose API is pitolisant hydrochloride. Zenara is one of seven companies seeking approval to manufacture and market a generic version of Wakix® ("Zenara's ANDA Products") prior to the expiration of Plaintiffs' patents. Of relevance here, Plaintiffs have asserted two patents against Zenara that are directed to a particular crystalline form of pitolisant hydrochloride, U.S. Patent Nos. 8,207,197 ("the '197 Patent") and 8,354,430 ("the '430 Patent"). Zenara disputes that its ANDA Products infringe either patent.

On February 5, 2024, during the pendency of this litigation, ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉. In pertinent part, ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉. In response, Zenara manufactured 10.6 grams of ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉ Ex. B (Zenara's Resps. and Objs. to Pls' Second Set of Interrogatories) at 5. According to Zenara, 6 grams ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉ *Id.* The remaining 4.6 grams ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉ *Id.*; *see also* Ex. C (10/28/24 A. Steiner Email to E. Nguyen).

▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉ on July 26, 2024, Plaintiffs served Zenara with discovery requests seeking, among other things, samples of ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉ Ex. D (Pls' First Set of RFPs) at RFP No. 6; Ex. E (Pitoli_0027179–80); Ex. F (Pitoli_0027107–27172). On September 25, Zenara and Plaintiffs met and conferred regarding Zenara's production of samples. During this meeting, Zenara represented that ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉ was no longer available. Ex. C (10/2/24 E. Nguyen Email to A. Steiner). When Plaintiffs requested information as to what happened to the material, Zenara informed Plaintiffs that that ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉ was manufactured ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉ Ex. C (10/14/2024 A. Steiner Email to E. Nguyen). This material ▉▉▉▉▉▉▉▉ despite the fact that Zenara's VP of API Research and Development, Dr. Bhaskar Reddy, was aware of its manufacture and testing and was also under litigation hold for this case. Ex. B (Zenara's Resps. and Objs. to Pls' Second Set of Interrogatories) at 5; Ex. G (Zenara's Rule 26(a) Initial Disclosures).

On October 22, Plaintiffs requested that Zenara propose an alternative production providing the same scope of information that the disposed of material would have provided. Ex. C (10/22/24 E. Nguyen Email to A. Steiner). Zenara responded that ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉

The Honorable Sherry R. Fallon                                                                                          Page 2
February 12, 2025

███████████████████ would not provide any information relevant to this case—a proposition with which Plaintiffs disagree—and refused to produce any alternative samples or documents. Ex. C (10/28/24 A. Steiner Email to E. Nguyen). Plaintiffs and Zenara participated in a verbal meet-and-confer on January 22, 2025, during which Plaintiffs requested that Zenara manufacture, and produce a sample of, a ████████████████████████████████████████ ██████████████████████████████ Zenara refused. Plaintiffs now request that the Court order Zenara to manufacture, and produce a sample of ██████████ to match the 4.6 grams ████████.

## II. Zenara Should Be Ordered to ████████████████████████████████ to be Produced to Plaintiffs

Plaintiffs accuse Zenara's ANDA Products of containing crystalline pitolisant hydrochloride, thereby infringing two of its patents. Zenara has acknowledged that ██████ ████████████████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████ Thus, ████ ████████████████████████████████████████████ is relevant to Plaintiffs' allegations of infringement and Plaintiffs should be afforded the opportunity to examine and test that material in support of their infringement case.

Even if ███████████████████████████████████████████████████████████████, information concerning ████████████████████ are relevant to this case and should be produced, as numerous courts have found. *See, e.g.*, *SmithKline Beecham Corp. v. Apotex Corp.*, C.A. No. 98-3952, 1999 WL 311697, at *6 (N.D. Ill. May 13, 1999) (requiring defendants to produce samples from each stage of product development because "Plaintiffs are entitled to analyze what, if any, manipulations the Defendants engaged in prior to submitting their ANDA"); *Warner Chilcott Co., LLC v. Mylan Inc.*, C.A. No. 11-6844, 2013 WL 2285975, at *2 (D.N.J. May 23, 2013) (noting that "rules governing discovery are intentionally liberal" and requiring production of information that went "to the development of the product and not the finished product"). Indeed, generic drug manufacturers routinely produce samples of ████████████████████████. *See, e.g.*, Ex. I (*Astellas US LLC v. Apotex Inc.*, C.A. No. 18-1675, D.I. 236 (D. Del. Apr. 13, 2020)). For example, data from ██████████████████████████ may assist in identifying the particular identifying characteristics of ████████████████████████████████████. Moreover, whether Zenara's ██████████ meets the limitations of the crystalline form claims is additional evidence that its Products meet the limitations of the crystalline form claims. *See, e.g.*, *Bristol-Myers Squibb Co. v. Aurobindo Pharma USA Inc.*, 477 F. Supp. 3d 306, 347 (D. Del. 2020), *aff'd sub nom. Bristol-Myers Squibb Co. v. Sigmapharm Labs., LLC*, 858 F. App'x 359 (Fed. Cir. 2021) (████████████████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████████████████ Thus, Zenara's ██████████ is relevant evidence to the claims in this case, namely, whether its products infringe.

The Honorable Sherry R. Fallon  Page 3
February 12, 2025

Zenara asserts that ▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌ that it agreed to produce would provide the same scope of information as the ▌▌▌▌▌▌▌▌▌▌▌▌▌▌ Ex. C (10/28/24 A. Steiner Email to E. Nguyen). Not so. The asserted patent claims require proving that Zenara's ANDA Products contain pitolisant hydrochloride that comprises specific diffractogram peaks, which provide a "signature" of a given compound. An isolated compound contains only (or predominantly) the "signature" of that isolated compound. ▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌. It is significantly more difficult to assess an analysis of a ▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌ as compared to assessing the analysis of ▌▌▌▌▌▌▌▌▌▌▌▌▌▌.

Indeed, ▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌ *See* Ex. A (Pitoli_0027173–178). Thus, there can be no dispute that ▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌ was relevant to Plaintiffs' claims of infringement of the crystalline form patents.

Zenara's disposal of, and refusal to manufacture a replacement batch of, ▌▌▌▌▌▌ deprives Plaintiffs of the opportunity to independently test ▌▌▌▌▌▌▌▌ Plaintiffs are not able to acquire ▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌—or relevant characterization data—from other sources. Zenara ▌▌▌▌▌▌▌▌▌▌▌▌▌ and any material that Plaintiffs acquired would be subject to ▌▌▌▌▌▌▌▌▌▌▌▌▌▌. Although Zenara has produced ▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌, *see* Ex. F (Pitoli_0027107–172), Zenara did not ▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌ *See* Ex. A (Pitoli_0027173–178) at 174. Thus, Zenara should be required to manufacture ▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌. A proposed form of order is attached.

Respectfully,

*/s/ Jeremy A. Tigan*

Jeremy A. Tigan (#5239)

JAT:lo
Enclosures
cc:  Clerk of the Court (via hand delivery)
     All Counsel of Record (via e-mail)