# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| HARMONY BIOSCIENCES, LLC, BIOPROJECT SOCIÉTÉ CIVILE DE RECHERCHE and BIOPROJECT PHARMA SAS, <br><br> Plaintiffs, <br><br> v. <br><br> LUPIN LIMITED, LUPIN PHARMACEUTICALS, INC., NOVUGEN PHARMA SDN. BHD. and NOVUGEN PHARMA (USA) LLC, et al., <br><br> Defendants. | C.A. No. 23-1286-JLH-SRF |

## ORDER AFTER PRETRIAL CONFERENCE

Now, this 21st day of January, 2026, upon consideration of the Joint Proposed Pretrial Order (D.I. 503) and for the reasons extensively discussed at the Pretrial Conference held on January 21, 2026, IT IS HEREBY ORDERED that:

1. Given the decrease in the number of defendants, and the subsequent resolution of various disputes, the parties shall meet and confer and submit a Revised Joint Proposed Pretrial Order by close of business on Friday, January 23, 2026.

2. The pending pretrial motions were discussed and resolved at the Pretrial Conference. Plaintiffs' Objections (D.I. 476) to Judge Fallon's Memorandum and Order Denying Motion to Strike (D.I. 450) were OVERRULED. Defendant's *Daubert* motion to exclude the trial testimony of Drs. Reider, Wenslow, and Myerson (D.I. 444) was DENIED. The parties should consult the transcript of the Pretrial Conference for further guidance.

3. The motions *in limine* ("MILs") were discussed and resolved at the Pretrial Conference. Plaintiffs' first MIL (D.I. 507, Appx. A-1 at 3) seeking to preclude Defendant from relying on the '430 Patent as an OTDP reference for the '947 Patent was DENIED. Ruling on Plaintiffs' second MIL (D.I. 507, Appx. A-2 at 62) seeking to preclude Defendant from presenting evidence of testing conducted by Bhogala Biosciences was deferred. The testimony will be conditionally admitted at trial subject to the Court's later determinations regarding its admissibility. Defendant's first MIL (D.I. 507, Appx. B-1 at 2) seeking to preclude Plaintiffs' reliance on evidence pertaining to ssNMR testing was DENIED. And Defendant's second MIL (D.I. 507, Appx. B-4 at 160) seeking to preclude Plaintiffs' reliance on product or API testing lacking an evidentiary basis was DENIED. The parties should consult the transcript of the Pretrial Conference for further guidance.

4. The Court will determine the appropriate format and length of post-trial briefing after the conclusion of trial. The schedule for post-trial briefing will be as agreed to by the parties in the Pretrial Order.

5. Trial will begin on Tuesday, February 17, 2026 at 10:00 A.M. Each party will have a total of nine hours of trial time across three days of trial.

Date: January 21, 2026

_____
The Honorable Jennifer L. Hall
United States District Judge