███████████

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

HARMONY BIOSCIENCES, LLC,  )
HARMONY BIOSCIENCES  )
MANAGEMENT, INC., BIOPROJET  )
SOCIÉTÉ CIVILE DE RECHERCHE and  )
BIOPROJET PHARMA SAS,  )
　 )    C.A. No. 23-1286 (JLH) (SRF)
          Plaintiffs,  )    **CONSOLIDATED**
　 )
    v.  )    ███████████
　 )
LUPIN LIMITED, et al.  )    REDACTED - PUBLIC VERSION
　 )    Original filing date: January 14, 2026
          Defendants.  )    Redacted filing date: March 4, 2026

## JOINT [PROPOSED] PRETRIAL ORDER

Plaintiffs Harmony Biosciences, LLC ("Harmony"), Harmony Biosciences Management, Inc. ("HBMI"), Bioprojet Société de Civile de Recherche ("Bioprojet SCR"), and Bioprojet Pharma SAS ("Bioprojet Pharma") (collectively, "Plaintiffs") and Defendants AET Pharma US, Inc. ("AET"); Hikma Pharmaceuticals USA Inc. ("Hikma"); MSN Pharmaceuticals Inc. and MSN Laboratories Private Limited (collectively, "MSN"), and Novitium Pharma LLC ("Novitium") (all collectively, "Defendants"), by their undersigned counsel, collectively submit this proposed Joint Pretrial Order pursuant to D. Del. L.R. 16.3. The parties attempted in good faith to reach consensus on the following issues. To the extent the parties have differing positions, each party's respective proposal is explained for the Court's consideration. A Pretrial Conference in this matter is scheduled for January 21, 2026 at 10:00 a.m. A bench trial has been scheduled to commence before the Honorable Jennifer L. Hall on February 17, 2026.

CONFIDENTIAL

**Plaintiffs are represented by:**

Jeremy A. Tigan (#5239)
Megan E. Dellinger (#5739)
Anthony D. Raucci (#5938)
MORRIS, NICHOLS, ARSHT & TUNNELL LLP
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
(302) 658-9200
jtigan@morrisnichols.com
mdellinger@morrisnichols.com
araucci@morrisnichols.com

Christopher N. Sipes
Erica N. Andersen
Megan P. Keane
Brianne Bharkhda Sullivan
Cody J. Reeves
Nicole S. L. Pobre
Elaine H. Nguyen
John Y. Veiszlemlein
A.G. Chancellor
Mishael H. Hibshoosh
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street NW
Washington, DC 20001-4956
(202) 662-6000

Alexa Hansen
COVINGTON & BURLING LLP
Salesforce Tower
415 Mission Street, Suite 5400
San Francisco, CA 94105-2544
(415) 591-6000

Yiye Fu
COVINGTON & BURLING LLP
3000 El Camino Real
5 Palo Alto Square, 10th Floor
Palo Alto, CA 94306
(650) 632-4700

**CONFIDENTIAL**

**Defendants are represented by:**

**AET Pharma US, Inc.**

Dominick T. Gattuso (#3630)
HEYMAN ENERIO
GATTUSO & HIRZEL LLP
222 Delaware Ave., Suite 900
Wilmington, DE 19801
(308) 472-7300
dgattuso@hegh.law

Scott J. Bornstein
Jonathan Ball, Ph.D.
Julie P. Bookbinder
Elana B. Araj
Giancarlo Scaccia
Anne M. Rock
Ariadna Muniz
Emma Cohen
GREENBERG TRAURIG, LLP
One Vanderbilt Avenue
New York, NY 10017
(212) 801-9200
Scott.Bornstein@gtlaw.com
ballj@gtlaw.com
bookbinderj@gtlaw.com
Elana.Araj@gtlaw.com
scacciag@gtlaw.com
annie.rock@gtlaw.com
ari.muniz@gtlaw.com
emma.cohen@gtlaw.com

**Hikma**

Stamatios Stamoulis (#4606)
Richard C. Weinblatt (#5080)
STAMOULIS & WEINBLATT LLC
800 N. West Street, Third Floor
Wilmington, DE 19801
(302) 999-1540
stamoulis@swdelaw.com
weinblatt@swdelaw.com

CONFIDENTIAL

Charles B. Klein
Jovial Wong
WINSTON & STRAWN LLP
1901 L Street, N.W.
Washington, DC 20036
(202) 282-5000
cklein@winston.com
jwong@winston.com

Noorossadat Torabi
WINSTON & STRAWN LLP
101 California Street
San Francisco, CA 94111
(415) 591-1000
ntorabi@winston.com

Ashley Graham
WINSTON & STRAWN LLP
200 Park Avenue
New York, NY 10166
(212) 294-6700
AGraham@winston.com

**<u>MSN</u>**

Stamatios Stamoulis (#4606)
Richard C. Weinblatt (#5080)
STAMOULIS & WEINBLATT LLC
800 N. West Street, Third Floor
Wilmington, DE 19801
(302) 999-1540
stamoulis@swdelaw.com
weinblatt@swdelaw.com

Emily Rapalino
Daryl Wiesen
Adrián Santiago Ortiz
GOODWIN PROCTER LLP
100 Northern Avenue
Boston, MA 02210
(607) 570-1000

**CONFIDENTIAL**

Annaka Nava
Madeline Bordynoski
GOODWIN PROCTER LLP
1900 N Street, NW
Washington, DC 20036
(202) 846-4414

**<u>Novitium</u>**

Anne Shea Gaza (#4093)
Alexis N. Stombaugh (#6702)
YOUNG CONAWAY STARGATT & TAYLOR, LLP
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6600
agaza@ycst.com
astombaugh@ycst.com

Aziz Burgy
AXINN, VELTROP & HARKRIDER LLP
1901 L Street NW
Washington, DC 20036
(202) 912-4700
aburgy@axinn.com

Ricardo S. Camposanto
AXINN, VELTROP & HARKRIDER LLP
55 Second Street
San Francisco, CA 94105
(415) 490-2000
rcamposanto@axinn.com

Edward M. Mathias
Rebecca L. Clegg
Aaron Z. Savit
AXINN, VELTROP & HARKRIDER LLP
90 State House Square
Hartford, CT 06103
(860) 275-8100
tmathias@axinn.com
rclegg@axinn.com
asavit@axinn.com

**CONFIDENTIAL**

**Table of Exhibits**

| Exhibit No. | Description |
|---|---|
| 1 | Joint Statement of Uncontested Facts |
| 2 | Plaintiffs' Statement of Contested Issues of Fact |
| 3 | Defendants' Statement of Contested Issues of Fact |
| 4 | Plaintiffs' Statement of Issues of Law |
| 5 | Defendants' Statement of Issues of Law |
| 6A | Plaintiffs' Witness List |
| 6B | Curriculum Vitae for Plaintiffs' Testifying Experts |
| 7A | Defendants' Witness List |
| 7B | Curriculum Vitae for Defendants' Testifying Experts |
| 8 | Plaintiffs' Deposition Designations |
| 9 | Defendants' Deposition Designations |
| 10 | Plaintiffs' Exhibit List |
| 11 | Defendants' Exhibit List |
| 12 | Joint Exhibit List |
| 13 | Brief Statement of What Plaintiffs Intend to Prove |
| 14 | Brief Statement of What Defendants Intend to Prove |

**CONFIDENTIAL**

## I.    NATURE OF THE CASE

### A.    Nature of the Actions

1.      Plaintiffs filed these civil actions for patent infringement (C.A. No. 23-1286 (JLH)(SRF) (Consolidated), C.A. No. 23-1340, C.A. No. 23-1420, C.A. No. 24-941) pursuant to the patent laws of the United States, 35 U.S.C. § 1, *et seq.* This action was brought pursuant to the Hatch-Waxman Act and arises from the filing by each of Defendants AET, Hikma, MSN, and Novitium with the U.S. Food & Drug Administration ("FDA") of separate Abbreviated New Drug Applications ("ANDAs"), seeking approval to market their respective generic versions of the pharmaceutical product WAKIX® (pitolisant hydrochloride) tablets prior to the expiration of U.S. Patent Nos. 8,486,947 ("the '947 patent") and 8,207,197 ("the '197 patent") (collectively, "the patents-in-suit").[1]

2.      Bioprojet SCR is the assignee and owner of the '947 and '197 Patents, and those patents have been listed in the FDA's publication *Approved Drug Products with Therapeutic Equivalence Evaluations*, also known as the "Orange Book."  HBMI is the exclusive licensee with respect to the patents.

3.      WAKIX® is indicated for the treatment of excessive daytime sleepiness ("EDS") or cataplexy in adult patients with narcolepsy and treatment of EDS in pediatric patients 6 years of age and older with narcolepsy. In the United States, Harmony and HBMI sell WAKIX® tablets pursuant to New Drug Application ("NDA") No. 211150. HBMI is the NDA holder for NDA No. 211150. Bioprojet Pharma was involved in commercialization efforts.

---

[1] Defendants Hikma, MSN, and Novitium additionally certified their ANDAs for U.S. Patent No. 8,354,430 (the "'430 Patent"). In an effort to streamline this case, Plaintiffs are no longer asserting the '430 Patent against any Defendant.

CONFIDENTIAL

    1.    **AET**

4.    AET served Plaintiffs with Notice Letters dated ███████ and ████████ ███ that provided written notice to Plaintiffs that AET had submitted ANDA No. 218892 to the FDA seeking approval for a proposed generic version of pitolisant hydrochloride tablets that included a Paragraph IV certification for the '947 and '197 Patents.

5.    AET's ANDA No. 218892 seeks FDA approval to engage in the commercial manufacture, use, or sale of pitolisant hydrochloride tablets as a generic version of WAKIX® tablets ("AET's ANDA Products") prior to the expiration of the '947 and '197 Patents.

6.    As detailed below, the operative pleadings with respect to AET are the Complaint for Patent Infringement (C.A. No. 23-1340, D.I. 1); Defendant AET Pharma US, Inc.'s Answer and Affirmative Defenses (C.A. No. 23-1340, D.I. 28); Plaintiff's Answer to AET Pharma US, Inc.'s Counterclaims (C.A. No. 23-1340, D.I. 37); Complaint (C.A. No. 24-0941, D.I. 1); Defendant AET Pharma US, Inc.'s Answer and Affirmative Defenses (C.A. No. 23-1286, D.I. 137); and Plaintiffs' Answer to AET Pharma US, Inc.'s Counterclaims (C.A. No. 23-1286, D.I. 144).

    2.    **Hikma**

7.    Hikma's predecessors-in-interest, Zenara Pharma Private Limited and Biophore India Pharmaceuticals Private Limited (collectively, "Zenara"), served Plaintiffs with a Notice Letter dated ██████████ that provided written notice to Plaintiffs that Zenara had submitted ANDA No. 218796 to the FDA seeking approval for a proposed generic version of pitolisant hydrochloride tablets that included a Paragraph IV certification for the '947 and '197 Patents.

8.    Zenara transferred ownership of ANDA No. 218796 to Hikma effective March 11, 2025.

CONFIDENTIAL

9.      Hikma's ANDA No. 218796 seeks FDA approval to engage in the commercial manufacture, use, or sale of pitolisant hydrochloride tablets as a generic version of WAKIX® tablets ("Hikma's ANDA Products") prior to the expiration of the '947 and '197 Patents.

10.     As detailed below, the operative pleadings with respect to Hikma are the Complaint for Patent Infringement (C.A. No. 23-1340, D.I. 1); Defendants Zenara Pharma Private Ltd. and Biophore India Pharmaceuticals Private Limited's Answer, Defenses, and Counterclaims to Complaint for Patent Infringement (C.A. No. 23-1340, D.I. 33); and Plaintiffs' Answer to Zenara Pharma Private Limited and Biophore India Pharmaceuticals Private Limited's Counterclaims (C.A. No. 23-1340, D.I. 40); *see also* Unopposed Motion and Order to Substitute Party Under Federal Rule of Civil Procedure 25 (C.A. 23-1286, D.I. 261).

        **3.     MSN**

11.     MSN sent correspondence dated October 13, 2023 regarding MSN's submission of ANDA No. 218873 to the FDA seeking approval for a proposed generic version of pitolisant hydrochloride tablets that included a Paragraph IV certification for the '947 and '197 Patents.

12.     MSN's ANDA No. 218873 seeks FDA approval to engage in the commercial manufacture, use, or sale of their proposed pitolisant hydrochloride tablets, which rely on data from bioavailability and bioequivalence studies contained in the approved labeling for WAKIX® tablets ("MSN's ANDA Product") prior to the expiration of the '947 and '197 Patents.

13.     As detailed below, the operative pleadings with respect to MSN are the Complaint for Patent Infringement (C.A. No. 23-1420, D.I. 1); Defendants MSN Pharmaceuticals Inc. and MSN Laboratories Private Limited's Answer, Affirmative Defenses, and Counterclaims (C.A. No. 23-1420, D.I. 21); and Plaintiffs' Answer to MSN Pharmaceuticals Inc. and MSN Laboratories Private Limited's Counterclaims (C.A. No. 23-1420, D.I. 26).

CONFIDENTIAL

### 4.    Novitium

14.    Novitium served Plaintiffs with a Notice Letter dated October 12, 2023 that provided written notice to Plaintiffs that Novitium had submitted ANDA No. 218495 to the FDA seeking approval for a proposed generic version of pitolisant hydrochloride tablets that included a Paragraph IV certification for the '947 and '197 Patents.

15.    Novitium's ANDA No. 218495 seeks FDA approval to engage in the commercial manufacture, use, or sale of pitolisant hydrochloride tablets as a purported generic version of WAKIX® tablets ("Novitium's ANDA Products") prior to the expiration of the '947 and '197 Patents.

16.    As detailed below, the operative pleadings with respect to Novitium are the Complaint for Patent Infringement (C.A. No. 23-1340, D.I. 1); Novitium Pharma LLC's Amended Answer, Defenses, and Counterclaims to Plaintiffs' Complaint for Patent Infringement (C.A. No. 23-1286, D.I. 108); and Plaintiffs' Amended Answer to Novitium Pharma LLC's Amended Counterclaims (C.A. No. 23-1286, D.I. 123).

### B.    Plaintiffs' Claims

17.    Claim 13 of the '947 Patent and Claims 1 and 2 of the '197 Patent ("Asserted Claims") are asserted against all Defendants.

18.    On March 20, 2025, the Parties filed an Amended Joint Claim Construction providing (i) agreed-upon constructions for five terms, including four terms that appear in Asserted Claims 1 and 2 of the '197 Patent (Case No. 23-1286, D.I. 251, Ex. A, Chart A), (ii) four terms to be addressed at claim construction that Defendants contended were indefinite, (*id.*, Ex. A, Chart B,) and (iii) additional indefiniteness arguments that the Parties agreed, subject to the Court's approval, to be addressed later in the case. *Id.* at Ex. B.

CONFIDENTIAL

19.     On March 24, 2025, the Parties filed a Stipulation and Proposed Order stating that the Parties have subsequently agreed, subject to the Court's approval, to address indefiniteness of all claim terms later in the case.  Case No. 23-1286, D.I. 255.

20.     On March 24, 2025, the Court entered the Parties' Stipulation and took the March 27, 2025 Claim Construction Hearing off the Court's calendar. Case No. 23-1286, D.I. 256.

### 1.     As Against AET

21.     Plaintiffs' Complaints for Patent Infringement (C.A. No. 23-1340, D.I. 1; C.A. No. 24-0941, D.I. 1) alleges that AET's filing of its ANDA No. 218892 constitutes an act of infringement of the '947 and '197 Patents under 35 U.S.C. § 271(e)(2)(A) and §§ 271 (a), (b), and/or (c).

22.     AET has stipulated that its submission of ANDA No. 218892 constitutes an act of infringement of claim 13 of the '947 Patent under 35 U.S.C. § 271 (e)(2)(A). (C.A. No. 23-1286, D.I. 339).

23.     AET has stipulated that the sale, offer for sale, use, and/or manufacture within the United States and/or importation into the United States of any product covered by ANDA No. 218892, in accordance with AET's Proposed Labeling (and any proposed or approved labeling in AET's ANDA that does not remove the indication of treatment of excessive daytime sleepiness (EDS) in patients with narcolepsy), prior to the expiration of the '947 Patent would constitute an act of infringement of claim 13 of the '947 Patent under 35 U.S.C. § 271(b). (C.A. No. 23-1286, D.I. 339).

24.     Plaintiffs seek a judgment that AET has infringed Claim 13 of the '947 Patent under 35 U.S.C. § 271(e)(2)(A) and that the commercial manufacture, use, sale, offer to sell, and/or

importation of AET's ANDA Product as currently described before expiration of the '947 Patent would infringe Claim 13 of the '947 Patent pursuant to 35 U.S.C. § 271 (b).

25.    To conserve the parties' and the Court's resources, and avoid disrupting the trial schedule in this case, AET has stipulated that its ANDA Products as covered by ANDA No. 218892 meet the "optionally comprising water up to 6%" limitation of claims 1-2 of the '197 Patent. (C.A. No. 23-1286, D.I. 470).

26.    Plaintiffs seek a judgment that AET has infringed Claims 1 and 2 of the '197 Patent under 35 U.S.C. § 271(e)(2)(A) and that the commercial manufacture, use, sale, offer to sell, and/or importation of AET's ANDA Products as currently described before expiration of the '197 Patent would infringe Claims 1 and 2 of the '197 Patent pursuant to 35 U.S.C. § 271(a), (b), and/or (c).

27.    Plaintiffs seek a judgment and order, pursuant to 35 U.S.C. § 271(e)(4)(A), that the effective date of any FDA approval of AET's ANDA No. 218892 shall be no earlier than the expiration date of the '947 and '197 Patents, or any later expiration of exclusivity for either of the '947 and '197 Patents, including any extensions or regulatory exclusivities.

28.    Plaintiffs seek a judgment permanently enjoining AET, its officers, agents, employees, parents, affiliates, and subsidiaries, and all persons and entities acting in concert with AET or on its behalf from commercially manufacturing, using, offering for sale, or selling AET's ANDA Products within the United States, or importing AET's ANDA Products into the United States, until the last expiration date of either of the '947 and '197 Patents, including any additional extensions or exclusivity period applicable to those patents, and from otherwise infringing the claims of the '947 and '197 Patents.

29.    Plaintiffs seek an award of damages or other relief pursuant to 35 U.S.C. § 271(e)(4)(C), if AET engages in the commercial manufacture, use, offer for sale, sale, and/or

CONFIDENTIAL

importation of AET's ANDA Product, or any product that infringes the '947 and '197 Patents, or induces or contributes to such conduct, prior to the expiration of the patents including any additional exclusivity period applicable to those patents.

30.    Plaintiffs seek a judgment for Plaintiffs and against AET on AET's counterclaims for invalidity of the '947 and '197 Patents.

## 2.    As Against Hikma

31.    Plaintiffs' Complaint for Patent Infringement (C.A. No. 23-1340, D.I. 1) alleges that Hikma's filing of its ANDA No. 218796 constitutes an act of infringement of the '947 and '197 Patents under 35 U.S.C. § 271(e)(2)(A) and §§ 271 (a), (b), and/or (c).

32.    Plaintiffs seek a judgment that Hikma has infringed Claim 13 of the '947 Patent under 35 U.S.C. § 271(e)(2)(A) and that the commercial manufacture, use, sale, offer to sell, and/or importation of Hikma's ANDA Products as currently described before expiration of the '947 Patent would infringe Claim 13 of the '947 Patent pursuant to 35 U.S.C. § 271(a), (b), and/or (c).

33.    Plaintiffs seek a judgment that Hikma has infringed Claims 1 and 2 of the '197 Patent under 35 U.S.C. § 271(e)(2)(A) and that the commercial manufacture, use, sale, offer to sell, and/or importation of Hikma's ANDA Products as currently described before expiration of the '197 Patent would infringe Claims 1 and 2 of the '197 Patent pursuant to 35 U.S.C. § 271(a), (b), and/or (c).

34.    Plaintiffs seek a judgment and order, pursuant to 35 U.S.C. § 271(e)(4)(A), that the effective date of any FDA approval of Hikma's ANDA No. 218796 shall be no earlier than the expiration date of the '947 and '197 Patents, or any later expiration of exclusivity for either of the '947 and '197 Patents, including any extensions or regulatory exclusivities.

35.    Plaintiffs seek a judgment permanently enjoining Hikma, its officers, agents, employees, parents, affiliates, and subsidiaries, and all persons and entities acting in concert with Hikma or on its behalf from commercially manufacturing, using, offering for sale, or selling Hikma's ANDA Products within the United States, or importing Hikma's ANDA Products into the United States, until the last expiration date of either of the '947 and '197 Patents, including any additional extensions or exclusivity period applicable to those patents, and from otherwise infringing the claims of the '947 and '197 Patents.

36.    Plaintiffs seek an award of damages or other relief pursuant to 35 U.S.C. § 271(e)(4)(C), if Hikma engages in the commercial manufacture, use, offer for sale, sale, and/or importation of Hikma's ANDA Product, or any product that infringes the '947 and '197 Patents, or induces or contributes to such conduct, prior to the expiration of the patents including any additional exclusivity period applicable to those patents.

37.    Plaintiffs seek a judgment for Plaintiffs and against Hikma on Hikma's counterclaims for invalidity of the '947 and '197 Patents.

### 3.    As Against MSN

38.    Plaintiffs' Complaint for Patent Infringement (C.A. No. 23-1420, D.I. 1) alleges that MSN's filing of its ANDA No. 218873 constitutes an act of infringement of the '947 and '197 Patents under 35 U.S.C. § 271(e)(2)(A) and §§ 271 (a), (b), and/or (c).

39.    Plaintiffs seek a judgment that MSN has infringed Claim 13 of the '947 Patent under 35 U.S.C. § 271(e)(2)(A) and that the commercial manufacture, use, sale, offer to sell, and/or importation of MSN's ANDA Products as currently described before expiration of the '947 Patent would infringe Claim 13 of the '947 Patent pursuant to [**Plaintiffs:** 35 U.S.C. § 271 (a), (b), and/or

(c).] [**MSN:** 35 U.S.C. § 271 (b).  Plaintiffs are not seeking a judgment of infringement of Claim 13 of the '947 Patent against MSN pursuant to §§ 271(a), (c), or (g).]

40.     Plaintiffs seek a judgment that MSN has infringed Claims 1 and 2 of the '197 Patent under 35 U.S.C. § 271(e)(2)(A) and that the commercial manufacture, use, sale, offer to sell, and/or importation of MSN's ANDA Products as currently described before expiration of the '197 Patent would infringe Claims 1 and 2 of the '197 Patent pursuant to 35 U.S.C. § 271(a), (b), and/or (c).

41.     Plaintiffs seek a judgment and order, pursuant to 35 U.S.C. § 271(e)(4)(A), that the effective date of any FDA approval of MSN's ANDA No. 218873 shall be no earlier than the expiration date of the '947 and '197 Patents, or any later expiration of exclusivity for either of the '947 and '197 Patents, including any extensions or regulatory exclusivities.

42.     Plaintiffs seek a judgment permanently enjoining MSN, its officers, agents, employees, parents, affiliates, and subsidiaries, and all persons and entities acting in concert with MSN or on its behalf from commercially manufacturing, using, offering for sale, or selling MSN's ANDA Products within the United States, or importing MSN's ANDA Products into the United States, until the last expiration date of either of the '947 and '197 Patents, including any additional extensions or exclusivity period applicable to those patents, and from otherwise infringing the claims of the '947 and '197 Patents.

43.     Plaintiffs seek an award of damages or other relief pursuant to 35 U.S.C. § 271(e)(4)(C), if MSN engages in the commercial manufacture, use, offer for sale, sale, and/or importation of MSN's ANDA Product, or any product that infringes the '947 and '197 Patents, or induces or contributes to such conduct, prior to the expiration of the patents including any additional exclusivity period applicable to those patents.

44.     Plaintiffs seek a judgment for Plaintiffs and against MSN on MSN's counterclaim for invalidity of the '947 Patent.

### 4.     As Against Novitium

45.     Plaintiffs' Complaint for Patent Infringement (C.A. No. 23-1340, D.I. 1) alleges that Novitium's filing of its ANDA No. 218495 constitutes an act of infringement of the '947 and '197 Patents under 35 U.S.C. § 271(e)(2)(A) and §§ 271 (a), (b), and/or (c).

46.     Plaintiffs seek a judgment that Novitium has infringed Claim 13 of the '947 Patent under 35 U.S.C. § 271(e)(2)(A) and that the commercial manufacture, use, sale, offer to sell, and/or importation of Novitium's ANDA Products as currently described before expiration of the '947 Patent would infringe Claim 13 of the '947 Patent pursuant to 35 U.S.C. § 271(a), (b), and/or (c).

47.     Plaintiffs seek a judgment that Novitium has infringed Claims 1 and 2 of the '197 Patent under 35 U.S.C. § 271(e)(2)(A) and that the commercial manufacture, use, sale, offer to sell, and/or importation of Novitium's ANDA Products as currently described before expiration of the '197 Patent would infringe Claims 1 and 2 of the '197 Patent pursuant to 35 U.S.C. § 271(a), (b), and/or (c).

48.     Plaintiffs seek a judgment and order, pursuant to 35 U.S.C. § 271(e)(4)(A), that the effective date of any FDA approval of Novitium's ANDA No. 218495 shall be no earlier than the expiration date of the '947 and '197 Patents, or any later expiration of exclusivity for either of the '947 and '197 Patents, including any extensions or regulatory exclusivities.

49.     Plaintiffs seek a judgment permanently enjoining Novitium, its officers, agents, employees, parents, affiliates, and subsidiaries, and all persons and entities acting in concert with Novitium or on its behalf from commercially manufacturing, using, offering for sale, or selling Novitium's ANDA Products within the United States, or importing Novitium's ANDA Products

CONFIDENTIAL

into the United States, until the last expiration date of either of the '947 and '197 Patents, including any additional extensions or exclusivity period applicable to those patents, and from otherwise infringing the claims of the '947 and '197 Patents.

50.     Plaintiffs seek an award of damages or other relief pursuant to 35 U.S.C. § 271(e)(4)(C), if Novitium engages in the commercial manufacture, use, offer for sale, sale, and/or importation of Novitium's ANDA Product, or any product that infringes the '947 and '197 Patents, or induces or contributes to such conduct, prior to the expiration of the patents including any additional exclusivity period applicable to those patents.

51.     Plaintiffs seek a judgment for Plaintiffs and against Novitium on Novitium's counterclaims for invalidity of the '947 and '197 Patents.

### 5.     As Against All Defendants

52.     Plaintiffs seek a declaration against all Defendants that this case is exceptional.

53.     Plaintiffs seek their costs, expenses, and reasonable attorneys' fees in this action against all Defendants pursuant to 35 U.S.C. §§ 271(e)(4) and 285.

### C.     Defendants' Counterclaims

### 1.     AET

54.     On October 4, 2024, AET filed its Answer and Counterclaims in response Plaintiffs' Complaint. (C.A. No. 23-1286, D.I. 137). In its counterclaims AET sought, *inter alia*, declarations of non-infringement and invalidity of the claims of the '197 and '947 Patents. *But see* C.A. No. 23-1286, D.I. 339.

55.     AET seeks a declaration that claims 1 and 2 of the '197 Patent are invalid for failure to satisfy one or more requirements of Title 35, including but not limited to §§ 103 and/or 112 and for improper inventorship.

CONFIDENTIAL

56.    AET seeks a declaration that it has not infringed, contributed to the infringement of, or induced the infringement of the '197 Patent, and that the manufacture, use, sale, offer for sale, or importation of AET's ANDA Products have not infringed, do not infringe, and will not infringe any valid and enforceable claims of the '197 Patent. [**AET**: Plaintiffs do not allege contributory or induced infringement of the '197 patent against AET. Plaintiffs do not allege contributory or induced infringement of the '197 Patent against AET. Plaintiffs do not allege contributory infringement of the '947 Patent against AET. Plaintiffs do not allege infringement under § 271(g) of the '197 Patent against AET. Plaintiffs do not allege infringement under § 271(g) of the '947 Patent against AET. Plaintiffs do not allege infringement of the '197 Patent against AET under the Doctrine of Equivalents. Plaintiffs do not allege infringement of the '947 Patent against AET under the Doctrine of Equivalents.][2]

57.    AET seeks a declaration that claim 13 of the '947 Patent is invalid under the doctrine of obviousness type double patenting and/or for failure to satisfy one or more requirements of Title 35, including but not limited to §§ 103 and 112.

58.    AET seeks an order enjoining Plaintiffs, their agents, representatives, attorneys, and all persons acting in concert with them from threatening or initiating infringement litigation against AET or its customers or interfering with FDA approval of ANDA No. 218892.

59.    AET seeks a judgment denying all relief sought by Plaintiffs in their Complaint for Patent Infringement.

60.    AET seeks a declaration against Plaintiffs that this case is exceptional.

61.    AET seeks a declaration that AET is the prevailing party.

---

[2] Plaintiffs assert that this recitation is inaccurate.

CONFIDENTIAL

62.    AET seeks its costs, expenses, and reasonable attorneys' fees in this action pursuant to 35 U.S.C. § 285 and the Court's inherent power.

### 2.    Hikma

63.    Hikma's Answer to Complaint for Patent Infringement (C.A. No. 23-1340, D.I. 33) alleges, *inter alia,* that the claims of the '197 and '947 Patents are invalid and not infringed. *See also* Unopposed Motion and Order to Substitute Party Under Federal Rule of Civil Procedure 25 (C.A. 23-1286, D.I. 261). Hikma concurrently filed counterclaims seeking, *inter alia*, declarations of non-infringement and invalidity of the claims of the '197 and '947 Patents.

64.    Hikma seeks a judgment that Hikma has not infringed Claim 13 of the '947 Patent under 35 U.S.C. § 271(e)(2)(A) and that the commercial manufacture, use, sale, offer to sell, and/or importation of Hikma's ANDA Products as currently described before expiration of the '947 Patent would not infringe Claim 13 of the '947 Patent pursuant to 35 U.S.C. § 271(a), (b), and/or (c). [**Hikma**: Plaintiffs do not allege infringement under § 271(g) of the '947 Patent against Hikma. Plaintiffs do not allege contributory infringement of the '947 Patent against Hikma. Plaintiffs do not allege infringement of the '947 Patent against Hikma under the Doctrine of Equivalents.][3]

65.    Hikma seeks a judgment that Hikma has not infringed Claims 1 and 2 of the '197 Patent under 35 U.S.C. § 271(e)(2)(A) and that the commercial manufacture, use, sale, offer to sell, and/or importation of Hikma's ANDA Products as currently described before expiration of the '197 Patent would not infringe Claims 1 and 2 of the '197 Patent pursuant to 35 U.S.C. § 271(a), (b), and/or (c). [**Hikma**: Plaintiffs do not allege contributory or induced infringement of the '197 Patent against Hikma. Plaintiffs do not allege infringement under § 271(g) of the '197

---

[3] Plaintiffs assert that this recitation is inaccurate.

CONFIDENTIAL

Patent against Hikma. Plaintiffs do not allege infringement of the '197 Patent against Hikma under the Doctrine of Equivalents.][4]

66.    Hikma seeks a judgment that Claim 13 of the '947 Patent is invalid.

67.    Hikma seeks a judgment that Claims 1 and 2 of the '197 Patent are invalid.

68.    Hikma seeks a judgment permanently enjoining Plaintiffs, their officers, agents, employees, attorneys, and any person and entity acting in concert or participation with Plaintiffs from using the '197 and '947 Patents to block, hamper, hinder or obstruct FDA approval of Hikma's ANDA.

69.    Hikma seeks a judgment permanently enjoining Plaintiffs, their officers, agents, employees, attorneys, and any person and entity acting in concert or participation with Plaintiffs from asserting or otherwise seeking to enforce the '197 and '947 Patents against Hikma or anyone in privy with Hikma.

70.    Hikma seeks a declaration against Plaintiffs that this case is exceptional.

71.    Hikma seeks its costs, expenses, and reasonable attorneys' fees in this action pursuant to 35 U.S.C. § 285 and the Court's inherent power.

**3.    MSN**

72.    MSN has asserted counterclaims for declaratory judgment of invalidity of the '947 Patent and non-infringement and invalidity of the '197 Patent pursuant to 28 U.S.C. §§ 2201–2202, 35 U.S.C. § 271(e), and 21 U.S.C. § 355(j)(5)(C). [**MSN**: Plaintiffs do not allege infringement under § 271(g) of the '947 Patent against MSN. Plaintiffs do not allege contributory

---

[4] Plaintiffs assert that this recitation is inaccurate.

CONFIDENTIAL

infringement of the '947 Patent against MSN.  Plaintiffs do not allege infringement of the '947 Patent against MSN under the Doctrine of Equivalents.][5]

73.    MSN seeks a judgment declaring that all asserted claims of the '947 Patent are invalid for failure to satisfy one or more requirements of Title 35, including but not limited to §§ 101, 103, 112, and/or the doctrine of obviousness type double patenting.

74.    MSN seeks a judgment declaring that the manufacture, use, offer for sale, sale, or importation of MSN's ANDA Products does not infringe any valid and enforceable claim of the '197 Patent. [**MSN**: Plaintiffs do not allege contributory or induced infringement of the '197 Patent against MSN.  Plaintiffs do not allege infringement under § 271(g) of the '197 Patent against MSN. Plaintiffs do not allege infringement of the '197 Patent against MSN under the Doctrine of Equivalents.][6]

75.    MSN seeks a judgment that the patents-in-suit (the '947 and '197 Patents)are invalid and therefore cannot be enforced against MSN or its ANDA Product.

76.    MSN seeks an order enjoining Plaintiffs, their agents, representatives, attorneys, and all persons acting in concert with them from threatening or initiating infringement litigation against MSN or its customers or interfering with FDA approval of ANDA No. 218873.

77.    MSN seeks a judgment denying all relief sought by Plaintiffs in their Complaint for Patent Infringement.

78.    MSN seeks a judgment that this is an exceptional case under 35 U.S.C. § 285 and an award of MSN's reasonable attorneys' fees and costs.

---

[5] Plaintiffs assert that this recitation is inaccurate.

[6] Plaintiffs assert that this recitation is inaccurate.

CONFIDENTIAL

### 4. Novitium

79.    Novitium's Amended Answer, Defenses, and Counterclaims to Plaintiffs' Complaint for Patent Infringement (C.A. No. 23-1286, D.I. 108) alleges that Claim 13 of the of the '947 Patent and Claims 1 and 2 of the '197 are invalid under 35 U.S.C. §§ 101, 102, 103, and/or 112, and/or obviousness-type double patenting.

80.    Novitium seeks a judgment that Claim 13 of the '947 Patent is invalid for, inter alia, obviousness, lack of written description, lack of enablement, indefiniteness, and/or obviousness-type double patenting.

81.    Novitium seeks a judgment that Claim 1 of the '197 Patent is invalid for, inter alia, obviousness, lack of written description, lack of enablement, and/or improper inventorship.

82.    Novitium seeks a judgment that Claim 2 of the '197 Patent is invalid for, inter alia, obviousness, lack of written description, lack of enablement, indefiniteness, and/or improper inventorship.

83.    Novitium's Amended Answer, Defenses, and Counterclaims to Plaintiffs' Complaint for Patent Infringement (C.A. No. 23-1286, D.I. 108) alleges that Plaintiffs improperly listed use code U-1102 for WAKIX® with respect to the '947 Patent in FDA's Orange Book under 21 C.F.R. § 314.53(c)(2)(ii)(P)(3).

84.    Novitium seeks a judgment and order requiring Plaintiffs to delete or delist use code U-1102 from the Orange Book's listing for WAKIX® with respect to the '947 Patent pursuant to 21 U.S.C. § 355(j)(5)(C)(ii).

85.    Novitium's Amended Answer, Defenses, and Counterclaims to Plaintiffs' Complaint for Patent Infringement (C.A. No. 23-1286, D.I. 108) alleges that Novitium's submission of ANDA No. 218495 does not constitute an act of infringement of the '947 Patent or

CONFIDENTIAL

'197 Patent, and that Novitium's manufacture, sale, use, offer for sale, and/or importation of Novitium's ANDA Products that are the subject of ANDA No. 218495 will not infringe the '947 Patent or '197 Patent.

86.    Novitium seeks a judgment that Novitium has not infringed Claim 13 of the '947 Patent under 35 U.S.C. § 271(e)(2)(A) and that the manufacture, sale, use, offer for sale, and/or importation of Novitium's ANDA Products as currently described before expiration of the '947 Patent would not infringe Claim 13 of the '947 Patent pursuant to 35 U.S.C. § 271(a), (b), and/or (c). [**Novitium:** Plaintiffs do not allege infringement under § 271(g) of the '947 Patent against Novitium.  Plaintiffs do not allege contributory infringement of the '947 Patent against Novitium. Plaintiffs do not allege infringement of the '947 Patent against Novitium under the Doctrine of Equivalents.][7]

87.    Novitium seeks a judgment that Novitium has not infringed Claims 1 and 2 of the '197 Patent under 35 U.S.C. § 271(e)(2)(A) and that the manufacture, sale, use, offer for sale, and/or importation of Novitium's ANDA Products as currently described before expiration of the '197 Patent would not infringe Claims 1 and 2 of the '197 Patent pursuant to 35 U.S.C. § 271(a), (b), and/or (c). [**Novitium:** Plaintiffs do not allege contributory or induced infringement of the '197 Patent against Novitium.  Plaintiffs do not allege infringement under § 271(g) of the '197 Patent against Novitium.  Plaintiffs do not allege infringement of the '197 Patent against Novitium under the Doctrine of Equivalents.][8]

---

[7] Plaintiffs assert that this recitation is inaccurate.

[8] Plaintiffs assert that this recitation is inaccurate.

**CONFIDENTIAL**

88.     Novitium seeks a judgment declaring that Plaintiffs are entitled to no damages, interest, cost, or other relief (including injunctive relief) from or against Novitium for infringement of the '947 or '197 Patents.

89.     Novitium seeks a declaration against Plaintiffs that this case is exceptional.

90.     Novitium seeks a declaration that Novitium is the prevailing party.

91.     Novitium seeks its reasonable attorneys' fees, costs, and expenses in defending this action under 35 U.S.C. § 285 and/or all other applicable statutes and rules in common law that would be appropriate, with pre-and post-judgment interest thereon.

### D.     Pending Motions

92.     The following motions are pending:

- OBJECTIONS by Plaintiffs to D.I. 450 Memorandum and Order Denying *Motion to Strike* (D.I. 476)

- MOTION by Plaintiffs to Preclude Testimony of Defendant Novitium's Experts (D.I. 443)

- MOTION by Defendants to Exclude the Trial Testimony of Dr. Reider, Dr. Roth, Dr. Meskill, Dr. Wenslow, Dr. Myerson, and Dr. Gozzo (D.I. 444)

- Plaintiffs' Motions *in Limine* 1–2  (*See* Appendix A)

- Defendants' Motions *in Limine* 1–2 (*See* Appendix B)

## II.     JURISDICTION

93.     This civil action for patent infringement arises under the patent laws of the United States, including 35 U.S.C. § 271, the Hatch Waxman Amendments to the Federal Food, Drug, and Cosmetic Act, *see* 21 U.S.C. § 355(j), and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202. This Court also has jurisdiction over Defendants' counterclaims for declaratory judgment of non-infringement and invalidity pursuant to 28 U.S.C. §§ 1331, 1338, and 2201–2202, and 21 U.S.C. § 355(j)(5)(C). This Court has jurisdiction over the subject matter of this action

CONFIDENTIAL

pursuant to 28 U.S.C. §§ 1331 and 1338. Personal jurisdiction is not disputed by any party for purposes of this action.

94.    Venue is proper pursuant to 28 U.S.C. §§ 1391 and 1400(b). Venue is not disputed by any party for purposes of this action.

## III.    FACTS

### A.    Uncontested Facts

95.    A Joint Statement of Uncontested Facts is attached as **Exhibit 1** to this proposed Joint Pretrial Order. These proposed stipulated facts require no proof at trial and will become part of the evidentiary record in this case. Any party, with prior notice to all other parties, may read any or all of the uncontested facts to the Court, and will be charged for the time used to do so. However, a party need not read these facts into the record for them to be considered by the Court in reaching its ultimate judgment as they are considered part of the record as of the issuance of this Order.

### B.    Contested Facts

96.    Plaintiffs' Statement of Contested Issues of Fact is attached as **Exhibit 2** to this proposed Joint Pretrial Order.

97.    Defendants' Statement of Contested Issues of Fact is attached as **Exhibit 3** to this proposed Joint Pretrial Order.

## IV.    STATEMENTS OF ISSUES OF LAW

98.    Plaintiffs' Statement of Issues of Law is attached as **Exhibit 4** to this proposed Joint Pretrial Order.

99.    Defendants' Statement of Issues of Law is attached as **Exhibit 5** to this proposed Joint Pretrial Order.

CONFIDENTIAL

## V.    WITNESSES

### A.    Witnesses

100.    Plaintiffs' Witness List is attached as **Exhibit 6A** to this proposed Joint Pretrial Order. Defendants' objections to Plaintiffs' witnesses are included in this Exhibit. The curriculum vitae of every expert expected to testify for Plaintiffs at the time of trial is attached as **Exhibit 6B**.

101.    Defendants' Witness List is attached as **Exhibit 7A** to this proposed Joint Pretrial Order. Plaintiffs' objections to any identified witnesses are included in this Exhibit. The curriculum vitae of every expert expected to testify for Defendants at the time of trial is attached as **Exhibit 7B**.

### B.    Agreements Regarding Presentation and Identification of Witnesses

102.    The parties will identify by email the witnesses they intend to call, in the order in which the witnesses will be called, and whether those witnesses will be called live or by deposition, by 7:00 p.m. ET two calendar days before such witness will be called to testify. The other parties shall identify any objections to such witness(es) by 7:00 p.m. ET the following day, and the parties shall meet and confer to resolve any objections by 9:00 p.m. ET that same evening. If good faith efforts to resolve the objections fail, the party objecting to the witness shall bring its objections to the Court's attention for resolution at the beginning of the next trial day after meeting and conferring.

103.    A party shall promptly notify the opposing party of any change to the identity of witnesses, the anticipated order of witnesses, or the mode of witness presentation (i.e., live or by deposition).

104.    The parties agree that expert witnesses need not be sequestered for opening statements or fact witness testimony.

26

**CONFIDENTIAL**

105.    Except as permitted under D. Del. L.R. 43.1 or by express permission of the Court, once tendered for cross-examination no witness shall communicate with anyone else regarding the substance of the witness's testimony until such time as cross-examination is concluded. If the witness will be called to the stand to testify at a later time during the trial, once the witness has completed his or her cross-examination, that witness can speak with counsel before taking the stand to testify at a later time during the trial.

106.    The parties agree that the Court should rule at trial on objections to expert testimony as beyond the scope of expert disclosures.

### C.    Deposition Designations

107.    The deposition testimony that Plaintiffs may offer into evidence is attached as **Exhibit 8** to this proposed Joint Pretrial Order, along with Defendants' objections and counter-designations.

108.    The deposition testimony that Defendants may offer into evidence attached as **Exhibit 9** to this proposed Joint Pretrial Order, along with Plaintiffs' objections and counter-designations.

109.    [**Plaintiffs:** For the avoidance of doubt, with respect to expert witnesses who served reports, no deposition designations or counter-designations may be offered by the party on behalf of whom the expert served reports or in the case of a Defendant's expert by that Defendant or another Defendant. **Defendants: omit sentence**.] No deposition testimony may be presented for any witness testifying live, except (i) for purposes of impeachment, (ii) with respect to those witnesses whom the parties have identified in **Exhibits 8 and 9**, to the extent a witness testified at deposition as a Rule 30(b)(6) corporate designee [**Plaintiffs:** and such testimony is otherwise admissible as an admission by a party opponent, **Defendants: omit clause**], or (iii) as otherwise

**CONFIDENTIAL**

allowed by the Federal Rules of Civil Procedure. This Joint Pretrial Order contains the maximum universe of deposition designations, counter-designations, and objections to admission of deposition testimony, except when a witness identified in **Exhibits 6A and 7A** as testifying live at trial becomes unavailable under Fed. R. Evid. 804 [**Defendants:** or otherwise does not testify live at trial **Plaintiffs: omit clause]**, the parties may designate specific pages and lines of transcript that they intend to read or play in lieu of the witness's appearance upon reasonable notice, and after establishing the unavailability of the witness to the Court's satisfaction to the extent another party challenges such claim.  Further, the parties may supplement their respective deposition designations, counter-designations, and objections to admission of deposition testimony by agreement between the parties, or as otherwise permitted by the Court upon a showing of good cause. If applicable, a party's designation of a page and line from a particular deposition transcript shall be automatically deemed to include any errata indicated for that page and line in the attached errata sheets.

110.    A party's decision not to introduce some or all of the testimony of a witness designated by that party herein shall not be commented upon by the other party at trial or in post-trial briefing.

111.    Each party is entitled to offer testimony designated by any other party (whether as a designation or counter-designation), even if not separately listed on its own deposition designation list. The parties may use any testimony they have counter-designated in response to any affirmative designations introduced at trial by an opposing party. A party may designate testimony identified as affirmative testimony in this order as a counter-designation.

112.    Unless otherwise agreed between the parties, the party offering deposition testimony (other than for the purpose of impeachment) shall identify the deposition testimony to

be offered from previously-exchanged designations by 7 p.m. ET at least three calendar days prior to the testimony being offered into the record. A party may choose not to introduce deposition testimony designated in this Joint Pretrial Order. The party receiving the designations shall inform the opposing party of any objections and counter-designations by 7 p.m. ET two calendar days prior to the testimony being offered into the record. To the extent necessary, the designating party will provide the opposing party with any objections to the opposing party's counter-designations by 8:30 p.m. ET the same calendar day. The parties will thereafter meet-and-confer by 9:00 p.m. ET to resolve any objections on the same calendar day. Any issues that remain will be raised orally with the Court before the designations are provided to the Court; unless the Court instructs otherwise, there will be no written submissions to the Court.

113.    If deposition testimony is to be presented by video, then the party playing the designated testimony shall also serve the other party with electronic video clips and the clip report of all testimony to be played by 7:00 p.m. ET the calendar day before the witness is to be called at trial.

114.    Designated deposition testimony will be offered to the Court as designated testimony that the parties play by video or orally read into the record by the party sponsoring the witness in Court and will count against the party's trial presentation time. Specifically, any affirmative designations offered by a party will count against that party's trial presentation time whereas any counter-designations by the other party will count against the party who made the counter-designations.

115.    All irrelevant and redundant material, including colloquy between counsel and objections, will be eliminated when the deposition is played, read, or viewed at trial.

**CONFIDENTIAL**

116.    When deposition designation excerpts are introduced, all admissible deposition counter-designation excerpts, whether offered by videotape or by orally read into the record, will be introduced in the sequence in which the testimony was originally given. The specific portions of the deposition shall be played or read in page order.

117.    If an exhibit is introduced in a deposition designation, the exhibit is admitted into evidence if it is included on the designating party's trial exhibit list and is not otherwise objected to. The party proffering the exhibit will move for its admission pursuant to the procedure set out below.

118.    When the witness is called to testify by deposition at trial, the party calling the witness shall provide the Court with three copies of the transcript of the designations and counter-designations that will be played or read. The parties shall provide the time to be charged to each party to the Court with the transcripts.

119.    The above procedures regarding deposition designations do not apply to portions of deposition transcripts and/or video used for impeachment or cross-examination of a witness testifying live. Any deposition testimony may be used at trial for the purpose of impeachment, regardless of whether a party specifically identified that testimony on its list of deposition designations, if the testimony is otherwise competent for such purpose.

## VI.    EXHIBITS

### A.    Exhibits

120.    Plaintiffs' list of exhibits that they may offer at trial, and Defendants' objections thereto including citations to the Federal Rules of Evidence, except demonstrative exhibits and exhibits used solely for impeachment, is attached as **Exhibit 10**. Plaintiffs' trial exhibits will be identified with PTX numbers.

**CONFIDENTIAL**

121.     Defendants' list of exhibits that they may offer at trial, and Plaintiffs' objections thereto including citations to the Federal Rules of Evidence, except demonstrative exhibits and exhibits used solely for impeachment, is attached as **Exhibit 11**. Defendants' trial exhibits will be identified with DTX numbers.

122.     The parties' joint list of exhibits to which no objections are raised, is attached as **Exhibit 12**. The parties' joint trial exhibits will be identified with JTX numbers.

123.     The parties' agreed-to keys to objection codes are appended at the end of each exhibit list.

124.     Subject to the remaining provisions of this Order, no party may add to its exhibit list or use at trial an exhibit not present on its list absent stipulation or order of the Court. Any party may use an exhibit that is listed on the other party's exhibit list, to the same effect as though it were listed on its own exhibit list, subject to all evidentiary objections. The exhibit lists may include exhibits that may not necessarily be offered or introduced into evidence.

125.     The parties agree that if either party removes or otherwise withdraws an exhibit from its exhibit list, the other party may amend its exhibit list to include that same exhibit. The parties also agree that the parties may make objections to such exhibit, other than an objection based on untimely listing.

126.     The parties agree that any description of a document on an exhibit list is provided for convenience only and shall not be used as an admission or otherwise as evidence regarding the listed document or any other listed document.

127.     The demonstratives the parties intend to use at trial shall not be included on their respective exhibit lists.

128.    Exhibits to be used solely for impeachment do not need to be included on the lists of trial exhibits or disclosed in advance of being used at trial. Such exhibits used solely for impeachment and not included on an exhibit list may not be admitted into evidence.

129.    Any request for admission response, interrogatory response, or pleading (i.e., Complaint, Answer, Counterclaim) may be read or introduced as evidence at trial and need not be included on the exhibit lists.

130.    The parties stipulate to the authenticity of each other's regulatory filings.

131.    Complete legible copies of documents may be offered and received in evidence to the same extent as an original unless a genuine question is raised as to the authenticity of the original, or in the circumstances it would be unfair to admit the copy in lieu of the original. Legible copies of United States patents and the contents of the Patent and Trademark Office file histories may be offered and received in evidence in lieu of certified copies thereof, subject to all other objections that might be made to the admissibility of certified copies.

132.    For any foreign language exhibit that a party wishes to introduce into evidence, the party that wishes to introduce the exhibit shall provide a certified English translation to the other party pursuant to Fed. R. Evid. 604 and Local Rule 7.1.3(d). The party will identify such translation as a separate exhibit on the exhibit list, designated either with its own exhibit number or a "T" suffix corresponding to the foreign language exhibit (e.g., "DTX-1001T"). The parties will identify and provide any objections to the English translations of exhibits identified on the parties' exhibit lists by January 14, 2026. A translation that is not provided prior to January 7, 2026 will not be allowed at trial absent a showing of good cause. Notwithstanding the foregoing, the parties agree to work in good faith to resolve any objections to English translations including by providing

CONFIDENTIAL

corrected or updated translations which may be allowed at trial if the parties agree or the Court permits. All exhibits shall be pre-marked with a stamp, using the following prefix identifiers:

    a.  Plaintiffs' Exhibits: PTX (beginning with PTX-1)

    b.  Defendants' Exhibits: DTX (beginning with DTX-1) as follows:

        i.  DTX-1 – 999 (Joint)

        ii.  DTX-1000 – 1999 (AET)

        iii.  DTX-2000 – 2999 (MSN)

        iv.  DTX-3000 – 3999 (Hikma)

        v.  DTX-4000 – 4999 (Novitium)

    c.  Joint Exhibits: JTX (beginning with JTX-1)

All pages of an exhibit shall be marked consecutively, following a decimal point (i.e., PTX-1.1, PTX-1.2; DTX-1.1, DTX-1.2, etc.).

133.    In the case of trial exhibits that have been previously marked as a deposition exhibit, to remove duplicates and improve legibility of the exhibits used at trial, the parties agree that the trial exhibit shall be treated as identical to the indicated deposition exhibit regardless of whether it bears a deposition exhibit sticker, unless a genuine question is raised as to whether the trial exhibit and deposition exhibit are identical. The parties also agree that two exhibits that are identical (notwithstanding different Bates numbers) shall be treated as identical, unless a genuine question is raised as to whether the exhibits are identical.

134.    **[Plaintiffs:** For the parties presenting evidence in Phases I and III, the party will provide by electronic mail a list of trial exhibits to be used in connection with direct examination (specifically identifying the exhibit in connection with the witness) including as necessary making any physical exhibits available for inspection by 7 p.m. ET two days before their intended use, and

objections will be provided no later than 7 p.m. ET the night before their intended use. The parties will meet-and-confer by 9 p.m. ET that same night. For the Parties presenting evidence in Phases II, IV, and V, the party will provide by electronic mail a list of trial exhibits to be used in connection with direct examination (specifically identifying the exhibit in connection with the witness) including as necessary making any physical exhibits available for inspection by 7 p.m. ET one day before their intended use, and objections will be provided no later than 8:30 p.m. ET that same night. The parties will meet-and-confer by 9 p.m. ET that same night.]

135.    **[Defendants:** Each party will provide by electronic mail a list of trial exhibits to be used in connection with direct examination (specifically identifying the exhibit in connection with the witness, whether presented live or by deposition) including as necessary making any physical exhibits available for inspection by 7 p.m. ET two days before their intended use, and objections will be provided no later than 7 p.m. ET the night before their intended use. The parties will meet-and-confer by 9 p.m. ET that same night.]

136.    For Plaintiffs' infringement case, the exhibit disclosures shall include a per-Defendant identification of the trial exhibits.

137.    For all trial exhibit exchanges, if good faith efforts to resolve the objections fail, the party objecting to the exhibits shall bring its objections to the Court's attention at the beginning of the next day. Failure to comply with these procedures, absent an agreement by the parties and approval by the Court, will result in waiver of the use of an exhibit or waiver of objection to the exhibit.

138.    The parties will exchange a list of exhibits they plan to show or reference in opening statements by 5 p.m. ET the calendar day before the start of trial. The parties will provide to each other any objections to such exhibits no later than 7 p.m. ET the same day. The parties agree to

**CONFIDENTIAL**

meet and confer to the extent objections remain pending no later than 9 p.m. ET on the same day to attempt to resolve any such objections so that the exhibits may be used during opening statements or objections can be resolved by the Court.

139.    Absent agreement between the parties and approval by the Court, no exhibit will be admitted unless offered into evidence through a witness, testifying live or by deposition. Any party that has used an exhibit with the witness and wishes that exhibit to be admitted into evidence must formally move the exhibit into evidence, by exhibit number. Exhibits not objected to that are used with a witness at trial will be received into evidence by the operation of the Final Pretrial Order without the need for additional foundation testimony. At some point before the close of a phase of the case, any party that has used an exhibit with a witness and wishes that exhibit to be admitted into evidence must formally move the exhibit into evidence, by exhibit number. Nothing herein shall be construed as a stipulation or admission that the document is entitled to any weight in deciding the merits of this case.

140.    The parties agree that any exhibit that has been admitted into evidence during the course of trial can be used in any closing argument and that the parties need not disclose the intent to use any admitted exhibit prior to such closing arguments, subject to the parties' agreement at Paragraph 168.

141.    The listing of a document on a party's exhibit list is not an admission that such document is relevant or admissible when offered by the opposing side. Each party may object to the relevance of any evidence offered by the other party, at the time such evidence is offered, in view of the specific context in which such evidence is offered.

142.    On or before the first day of trial, the parties will deliver to the Courtroom Deputy a completed AO Form 187 exhibit list.

### B.    Demonstratives and Summary Exhibits

143.    The parties agree that the demonstratives that the parties intend to use at trial do not need to be included on their respective exhibit lists that are part of this Joint Pretrial Order.

144.    Plaintiffs' demonstratives will be identified with PDX numbers, starting with PDX-1.

145.    Defendants' demonstratives will be identified with DDX numbers, starting at DDX-1.

146.    By no later than 5 p.m. ET on the calendar day before opening statements, the parties shall exchange color copies of demonstrative exhibits they intend to use in their respective opening statements. By no later than 7 p.m. ET that same day, any objections to the demonstrative exhibits shall be served on the other side. By 9 p.m. ET that day, the parties shall meet and confer to resolve any objections, which if necessary will be raised with the Court before opening statements commence.

147.    [**Plaintiffs:** For the parties presenting evidence in Phases I and III, the party will provide color copies of demonstratives by electronic mail or FTP to be used in connection with direct examination (specifically identifying the demonstratives in connection with the witness) including as necessary making any physical exhibits available for inspection by 7 p.m. ET two days before their intended use, and objections will be provided no later than 7 p.m. ET the night before their intended use. The parties will meet-and-confer at 9 p.m. ET that same night. For the parties presenting evidence in Phases II, VI and V, the party will provide color copies of demonstratives by electronic mail or FTP to be used in connection with direct examination (specifically identifying the demonstratives in connection with the witness) including as necessary making any physical exhibits available for inspection by 7 p.m. ET one day before their intended

use, and objections will be provided no later than 8:30 p.m. ET that same night. The parties will meet-and-confer at 9 p.m. ET that same night.]

148.    [**Defendants:** Each party will provide color copies of demonstratives by electronic mail or FTP to be used in connection with direct examination (specifically identifying the demonstratives in connection with the witness) including as necessary making any physical exhibits available for inspection by 7 p.m. ET one day before their intended use, and objections will be provided no later than 8:30 p.m. ET that same night. The parties will meet-and-confer at 9 p.m. ET that same night.]

149.    For all demonstrative exchanges, if good faith efforts to resolve the objections fail, the party objecting to the demonstrative shall bring its objections to the Court's attention at the beginning of the next day (i.e., the day of the expected testimony). Failure to comply with these procedures, absent an agreement by the parties and approval by the Court, will result in waiver of the use of a demonstrative exhibit or waiver of objection to the exhibit. If any of the demonstratives change after the deadline, the party intending to use the demonstrative will promptly notify the opposing party of the change(s).

150.    The party seeking to use a demonstrative in connection with direct examination will provide a color representation of the exhibit to the other side in PDF or PPT form. However, for video or animations, the party seeking to use the demonstrative will provide it to the other side in an appropriate electronic format to view the video or animation. For irregularly sized physical exhibits, the party seeking to use the demonstrative will provide by electronic means a color representation as a PDF of 8.5 x 11 copies of the exhibits. For each demonstrative that is based on a document or documents produced or exchanged in discovery in this litigation, each party shall disclose to the other parties, either: (a) on the face of the demonstrative; or (b) in a table or other

CONFIDENTIAL

writing provided at the time the demonstrative is exchanged with the other parties, all documents that form the basis of the demonstrative.

151.    These provisions regarding demonstratives do not apply to demonstratives created during testimony or demonstratives to be used for cross-examination, neither of which need to be provided to the other side in advance of their use. The parties agree that notice of a party's intended use of blow-ups (enlargements) of trial exhibits and/or deposition testimony and of ballooning, excerption, highlighting, underlining, etc. of such exhibits and/or deposition testimony, provided any pre-prepared demonstratives contain no additional markings other than highlighting, ballooning, underlining, or excerpting, need not be given, as long as the party has identified its intent to use the trial exhibits and/or deposition testimony according to the provisions of this Order.

## VII.   BRIEF STATEMENT OF WHAT PLAINTIFFS INTEND TO PROVE

152.    A brief statement of what Plaintiffs intend to prove in support of Plaintiffs' claims is attached as **Exhibit 13** to this proposed Joint Pretrial Order.

## VIII.  BRIEF STATEMENT OF WHAT DEFENDANTS INTEND TO PROVE

153.    A brief statement of what Defendants intend to prove in support of Defendants' claims is attached as **Exhibit 14** to this proposed Joint Pretrial Order.

## IX.   AMENDMENTS TO PLEADINGS

154.    The parties do not seek to amend the pleadings other than amending the case caption to remove defendants who have been terminated from the consolidated case (Annora Pharma Private Limited, Lupin Limited and Lupin Pharmaceuticals, Inc.).

## X.    MOTIONS *IN LIMINE*

155.    Plaintiffs' Motions *in Limine* 1–2, Defendants' oppositions, and Plaintiffs' replies, along with all accompanying exhibits, are attached as Appendix A.

156.    Defendants' Motions *in Limine* 1–2, Plaintiffs' oppositions, and Defendants' replies, along with all accompanying exhibits, are attached as Appendix B.

## XI.    SETTLEMENT

157.    The parties certify that they have engaged in a good-faith effort to explore the resolution of the controversy by settlement. The parties have been unable to reach agreement.

## XII.   PHASES OF TRIAL

158.    The parties propose that the order of the presentation of evidence will follow the burden of proof as follows:

|  |  |
|---|---|
|  | Opening Statements (Plaintiffs, followed by Defendants) |
| Phase I | Plaintiffs' Case on Infringement |
| Phase II | Each Defendant's separate non-infringement case, and Novitium's Delisting case |
| Phase III | Defendants' joint case on Invalidity (excluding objective indicia) |
| Phase IV | Plaintiffs' Rebuttal on Invalidity, including objective indicia, and Delisting |
| Phase V | Defendants' Response on objective indicia asserted by Plaintiffs |
|  | Closing Arguments, to happen after post-trial briefing in an order to be decided upon in consultation with the Court |

159.    The parties will confer nightly to update opposing counsel as to the expected day that the party intends to complete presentation of evidence.

## XIII.  OTHER MATTERS

### A.    Confidential Information at Trial

160.    The Court has entered a Protective Order (D.I. 81) to safeguard the confidentiality of certain of the parties' business and technical information, as well as that of third parties. Nonetheless, the presentation of evidence at trial shall take place in open court, unless a party

CONFIDENTIAL

specifically requests, and the Court agrees, that the Court be closed to the public during presentation of certain portions of the evidence.

161.    It is agreed that any party or non-party whose information is subject to the Protective Order may request that testimony or an exhibit, subject to the Protective Order, be placed under seal and handled in accordance with the Protective Order. With the Court's permission, the parties may request that demonstrative exhibits or evidence potentially reflecting confidential information not be made available to the public. The parties have agreed that the individuals designated as In-House Personnel in accordance with Protective Order, or other In-House Personnel agreed to by the parties, may attend any sealed portion of the trial.

### B.    Length of Trial

162.    The trial will be timed for a total of [**Plaintiffs:** 24 hours] [**Defendants:** TBD hours (*see* D.I. 500)] and the trial time will be equally divided with half of the time allocated to Plaintiffs and half of the time allocated to Defendants. Unless otherwise ordered, time will be charged to a side for its opening statement, direct and redirect examinations of witnesses it calls, cross-examination of witnesses called by the other side, and its designated or counter-designated portions of depositions. The parties will provide closing arguments after the completion of post-trial briefing, at a time to be scheduled at the convenience of the Court.

163.    For clarity, time spent on questions posed by the Court during each side's opening, directs, cross-examinations, redirects and closings shall be charged to that side. Any time taken by the Court to hear and consider argument on any motions or objections a party raises to another party's exhibits and demonstrative exhibits, or to any testimony, shall be charged to the party that does not prevail. For example, if a party raises an objection that expert testimony is beyond the

CONFIDENTIAL

scope and the objection is overruled, the time to consider the objection will be charged to the objecting party.

164.    The Courtroom Deputy will keep a running total of trial time used by counsel. The parties will also keep a running total of trial time used by counsel and will reconcile with the Courtroom Deputy each trial day. If either side uses all of its allotted trial time, the Court [**Plaintiffs:** will] [**Defendants:** may] terminate that side's trial presentation.

### C.    Trial Transcripts

165.    The parties will submit any proposed corrections to the trial transcript to the Court Reporter within two weeks after receipt of the transcripts from the Court Reporter, at which point the Court Reporter will provide final post-errata transcripts for the parties at their earliest convenience.

### D.    Post Trial Briefing

166.    The parties propose the following post-trial briefing schedule:

- Opening briefs and proposed Findings of Fact (FOF): 45 days after trial

- Rebuttal briefs and proposed Findings of Fact: 28 days after opening briefs

- Reply briefs (No Findings of Fact): 14 days after rebuttal briefs

167.    The parties propose the following briefing limits with respect to Infringement:

   o Plaintiffs' Opening Infringement Brief: 6,250 words per Defendant remaining in the case for the brief and 6,250 words per Defendant for proposed FOF
   o Defendants' Rebuttal Non-Infringement Brief: 6,250 words per Defendant for the brief and 6,250 words per Defendant for proposed FOF
   o Plaintiffs' Reply Infringement Brief: 3125 words per Defendant.

168.    The parties propose the following briefing limits with respect to Novitium's Delisting defense:

- Novitium's Opening Delisting Brief: 3000 words for the brief and 2000

words for proposed FOF
- Plaintiffs' Rebuttal Delisting Brief: 3000 words for the brief and 2000 words for proposed FOF
- Novitium's Reply Delisting Brief: 1,500 words

169. The parties propose the following briefing limits regarding the issues of validity/invalidity, including objective indicia:

[**Plaintiffs' proposal:**
- Plaintiffs' Opening Briefing on Objective Indicia: 5000 words on objective indicia for the brief and 5000 words for proposed FOF
- Defendants' Opening Invalidity Briefing (excluding Objective Indicia): 12,500 words for the brief and 12,500 words for proposed FOF
- Plaintiffs' Rebuttal Validity Briefing (excluding Objective Indicia): 12,500 words for the brief and 12,500 words for proposed FOF
- Defendants' Rebuttal Briefing on Objective Indicia: 5000 words on objective indicia for the brief and 5000 words for proposed FOF
- Plaintiffs' Reply Briefing on Objective Indicia: 2500 words for the brief
- Defendants' Reply Briefing on Invalidity (excluding Objective Indicia): 6250 words for the brief]

[**Defendants' proposal:**
- Defendants' Opening Invalidity Briefing (excluding Objective Indicia): 17,500 words for the brief and 17,500 words for proposed FOF
- Plaintiffs' Rebuttal Validity Briefing (including Objective Indicia): 12,500 words for the brief and 12,500 words for proposed FOF on validity, 5000 words on objective indicia for the brief and 5000 words for proposed FOF
- Defendants' Reply Briefing: 8750 words for the invalidity brief; 5000 words for the objective indicia brief]

## E.    Other Agreements

170. Plaintiffs and AET incorporate by reference their stipulation filed at D.I. 470, so-ordered by the Court on December 22, 2025. [**Defendants:** This stipulation was negotiated and made only between Plaintiffs and Defendant AET and applies only to AET's proposed ANDA products. As to all other Defendants, Plaintiffs bear the burden of proving all elements, including water content, with respect to each Defendant's specific proposed ANDA product. Nothing in this

**CONFIDENTIAL**

stipulation shall be construed as implying that any other Defendant's proposed ANDA product satisfies any claim limitation.] [**Plaintiffs: Omit.**]

171.    Plaintiffs' experts will only offer testimony on infringement for a Defendant in conformity with what is disclosed in their expert reports for that Defendant and will not use thus-far unidentified Defendants' documents in Plaintiffs' infringement case as to another Defendant. This agreement does not preclude Defendants from filing a motion *in limine* to preclude Plaintiffs from relying on testing of products or APIs that lack an evidentiary basis to prove infringement of the '197 patent, where such reliance was already included in Plaintiffs' expert report(s), and does not preclude Plaintiffs from responding to such a motion *in limine*.

172.    [**Plaintiffs:** During trial and in post-trial briefing or appeal, the parties will not object to one party's use of trial expert testimony based on the fact that the testimony was elicited by another party. During trial and in post-trial briefing or appeal, the parties also will not object to one party's use of testimony from another party's expert that is of overlapping scope with expert reports served by the party who did not elicit the trial testimony, on the basis that the testimony was elicited by another party.]  [**Defendants:** During trial and in post-trial briefing or appeal, Plaintiffs will not object to one Defendant's use of trial testimony by Plaintiffs' experts or Defendants' common invalidity experts based on the fact that the testimony was elicited by another Defendant. During trial and in post-trial briefing or appeal, and subject to the parties' agreement at Para. 168, Defendants will not object to Plaintiffs' use of a Defendant's non-infringement expert testimony based on the fact that the testimony was elicited by that Defendant rather than by Plaintiffs, or to Plaintiffs' use of Defendants' common invalidity expert testimony based on the fact that the testimony was elicited by Defendants rather than by Plaintiffs. During trial and in post-trial briefing or appeal, Plaintiffs will not use, cite, rely on, or reference the testimony,

**CONFIDENTIAL**

opinions, reports, deposition testimony, trial testimony, or exhibits of any non-infringement expert of another party or infringement expert (exhibits or testimony that was not disclosed in a report served on a given Defendant) as evidence against any other Defendant (e.g., Dr. Gozzo served certain reports as to all Defendants, and other reports as to only certain defendants, thus Plaintiffs could not use Dr. Gozzo's trial exhibits or testimony disclosed in an individually-served report in connection with arguments or briefing directed to another Defendant). Any non-infringement expert testimony shall be used or cited by Plaintiffs solely with respect to the Defendant that retained that expert.] However, the parties reserve all other rights under the Federal Rules of Evidence, Federal Rules of Civil Procedure, local rules, or applicable case law to object to a party's use of trial expert testimony.

**IT IS HEREBY ORDERED** that this Joint Pretrial Order shall control the subsequent course of the action, unless modified by the Court to prevent manifest injustice.

**CONFIDENTIAL**

January 14, 2026

OF COUNSEL:

Christopher N. Sipes
Erica N. Andersen
Megan P. Keane
Brianne Bharkhda Sullivan
Cody J. Reeves
Nicole S. L. Pobre
Elaine H. Nguyen
John Y. Veiszlemlein
A.G. Chancellor
Mishael H. Hibshoosh
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street NW
Washington, DC 20001-4956
(202) 662-6000

Alexa Hansen
COVINGTON & BURLING LLP
Salesforce Tower
415 Mission Street, Suite 5400
San Francisco, CA 94105-2544
(415) 591-6000

Yiye Fu
COVINGTON & BURLING LLP
3000 El Camino Real
5 Palo Alto Square, 10th Floor
Palo Alto, CA 94306
(650) 632-4700

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Jeremy A. Tigan*

_____
Jeremy A. Tigan (#5239)
Megan E. Dellinger (#5739)
Anthony D. Raucci (#5938)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
(302) 658-9200
jtigan@morrisnichols.com
mdellinger@morrisnichols.com
araucci@morrisnichols.com

*Attorneys for Plaintiffs*

**CONFIDENTIAL**

OF COUNSEL:

Scott J. Bornstein (*pro hac vice*)
Jonathan Ball, Ph.D. (*pro hac vice*)
Julie P. Bookbinder (*pro hac vice*)
Elana B. Araj (*pro hac vice*)
Giancarlo Scaccia (*pro hac vice*)
GREENBERG TRAURIG, LLP
One Vanderbilt Avenue
New York, NY 10017
(212) 801-9200
Scott.Bornstein@gtlaw.com
ballj@gtlaw.com
bookbinderj@gtlaw.com
Elana.Araj@gtlaw.com
scacciag@gtlaw.com

HEYMAN ENERIO GATTUSO & HIRZEL LLP

/s/ *Dominick T. Gattuso*
_____
Dominick T. Gattuso (#3630)
222 Delaware Ave., Suite 900
Wilmington, DE 19801
(308) 472-7300
dgattuso@hegh.law

*Attorneys for Defendant AET Pharma US, Inc.*

OF COUNSEL:

Charles B. Klein
Jovial Wong
WINSTON & STRAWN LLP
1901 L Street, N.W.
Washington, DC 20036
(202) 282-5000
cklein@winston.com
jwong@winston.com

Noorossadat Torabi
WINSTON & STRAWN LLP
101 California Street
San Francisco, CA 94111
(415) 591-1000
ntorabi@winston.com

Ashley Graham
WINSTON & STRAWN LLP
200 Park Avenue
New York, NY 10166
(212) 294-6700
AGraham@winston.com

STAMOULIS & WEINBLATT LLC

/s/ *Richard C. Weinblatt*
_____
Stamatios Stamoulis (#4606)
Richard C. Weinblatt (#5080)
800 N. West Street, Third Floor
Wilmington, DE 19801
(302) 999-1540
stamoulis@swdelaw.com
weinblatt@swdelaw.com

*Attorneys for Defendant Hikma Pharmaceuticals USA Inc.*

**CONFIDENTIAL**

OF COUNSEL:

Emily Rapalino
Daryl Wiesen
Adrián Santiago Ortiz
GOODWIN PROCTER LLP
100 Northern Avenue
Boston, MA 02210
(607) 570-1000

Annaka Nava
Madeline Bordynoski
GOODWIN PROCTER LLP
1900 N Street, NW
Washington, DC 20036
(202) 846-4414

STAMOULIS & WEINBLATT LLC

*/s/ Richard C. Weinblatt*
_____
Stamatios Stamoulis (#4606)
Richard C. Weinblatt (#5080)
800 N. West Street, Third Floor
Wilmington, DE 19801
(302) 999-1540
stamoulis@swdelaw.com
weinblatt@swdelaw.com

*Attorneys for Defendants MSN*
*Pharmaceuticals Inc. and MSN Laboratories*
*Private Limited*

OF COUNSEL:

Aziz Burgy
AXINN, VELTROP & HARKRIDER LLP
1901 L Street NW
Washington, DC 20036
(202) 912-4700
aburgy@axinn.com

Ricardo S. Camposanto
AXINN, VELTROP & HARKRIDER LLP
55 Second Street
San Francisco, CA 94105
(415) 490-2000
rcamposanto@axinn.com

Edward M. Mathias
Rebecca L. Clegg
Aaron Z. Savit
AXINN, VELTROP & HARKRIDER LLP
90 State House Square
Hartford, CT 06103
(860) 275-8100
tmathias@axinn.com
rclegg@axinn.com
asavit@axinn.com

YOUNG CONWAY STARGATT & TAYLOR, LLP

*/s/ Alexis N. Stombaugh*
_____
Anne Shea Gaza (#4093)
Alexis N. Stombaugh (#6702)
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6600
agaza@ycst.com
astombaugh@ycst.com

*Attorneys for Defendant Novitium Pharma*
*LLC*

**CONFIDENTIAL**

SO ORDERED this ___ day of _____, 2026

_____
The Honorable Jennifer L. Hall
United States District Court Judge